Argued before VAN BRUNT, P. J., and WILLIAMS, PATTER-
SON, O'BRIEN, and INGRAHAM, JJ.

Francis A. Winslow, for appellants.

Frederic G. Dow, for respondents.

WILLIAMS, J.   It seems to us there was evidence sufficient
to authorize the jury to find in favor of the plaintiffs upon the
questions submitted to them.   The evidence with reference to the
property having been shipped free was not given by witnesses who
were present and examined it before shipment.   Such evidence
would hardly be expected.   Some evidence was, however, given by
the opinion of an expert that, judging from its condition after its
arrival here, he should say it was, in his opinion, shipped free, and
there was considerable evidence as to its condition after its ar-
rival here.   This was enough to justify a finding of the fact of a
shipment free.   No evidence was given on the part of the defend-
ant to contradict this proof, except evidence as to its condition
after its arrival here.   The finding by the jury was authorized upon
the evidence, taken altogether.   There was evidence by the bill
of lading as to the time of the shipment.   There was considerable
conflict in the evidence as to the quality and condition of the prop-
erty after its arrival here, and down to the time of the sale at auc-
tion.   The facts to be found from all this evidence were properly
submitted to the jury.   Various exceptions were taken by the de-
fendants to the admission of the evidence of experts as to the qual-
ity and condition of the property.   The witnesses were shown to
be experts as to such property, and their opinions as to its quality
and condition were therefore clearly competent.   There was but a
single exception to the charge, and that was without merit.

The judgment and order appealed from should be affirmed, with
costs.   All concur.

---

FARMERS' NAT. BANK OF ANNAPOLIS v. UNDERWOOD et al.

(Supreme Court, Appellate Division, First Department.   June 5, 1896.)

1. EXAMINATION OF NONRESIDENT PLAINTIFF BEFORE ANSWER.
    Where a foreign corporation sues in New York, defendant's right to
    have an examination, before trial, of one of plaintiff's officers, is not
    affected by the fact of nonresidence of the officer.

2. SAME—WHEN ALLOWED.
    An order for an examination before answer of an officer of a nonresident
    plaintiff corporation is proper, the papers presented showing that U. (the
    defendant applying therefor) and his co-defendant were partners; that
    the action was to recover a loan made to them, which was evidenced by
    the firm note secured by collateral, the note being renewed from time to
    time; that the partnership was dissolved, and a new firm formed with-
    out U., which took the assets and assumed the liabilities of the old firm,
    and continued in business till it suspended; that, subsequent to the dis-
    solution of the new firm, new notes were given for the indebtedness, and
    the time of payment extended; that U. never had any knowledge of the
    creation of the debt, of the extensions, of the transaction between the
    new firm and plaintiff, or of the sale of the collateral; that the relations
    between U. and his co-defendant since the dissolution of the partnership

have been unfriendly; that he is unable to obtain from the co-defendant any information as to these transactions, the co-defendant being a non-resident; that the examination of one of plaintiff's officers is necessary to enable U. to prepare his answer, so as to state his defense; and that by the transactions he has been discharged.

Appeal from special term, New York county.

Action by the Farmers' National Bank of Annapolis against William Underwood and another. From an order denying a motion to vacate an order for the examination of one of the officers of plaintiff before issue joined, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Charles De Hart Brower, for appellant.
Walter H. Underwood, for respondents.

PER CURIAM. The motion below was to vacate the order for the examination of one of the officers of the plaintiff, under subdivision 7 of section 872 of the Code. No motion was made to vacate the orders directing the service of the order for the examination upon the person who was to be examined without the state, nor is the question presented as to the power of the court to direct such a service. The only question presented on this motion was whether or not, upon the papers presented, the order for the examination of this officer of the plaintiff was authorized by the Code. The plaintiff, a foreign corporation, has come to this state to prosecute an alleged cause of action against the defendants; and the fact that one of its officers, whose examination before trial is sought, is not a resident of this state, is no reason why the defendants should not have such an examination where its necessity appears. When the former appeal in this action was before the general term of the supreme court (35 N. Y. Supp. 693), it was held that, as long as this order stood, the defendants were entitled to the benefit of such examination, and, failing to obtain the same by the default or disobedience of the plaintiff or its officers, they were entitled to an order extending the defendants' time to answer until such time as the plaintiff submits itself to the jurisdiction of the court, or applies for and secures a vacation of its orders for an examination of its president. That application for the vacation of the order for the examination of the plaintiff's president was made to the special term of the supreme court, and denied; and on this appeal we have to determine whether or not, upon the papers presented to the court, the order for the examination of the plaintiff's president was proper.

The facts of this case are somewhat peculiar. These defendants were co-partners, doing business in the city of New York, and were sued to recover an alleged loan to them, made on the 24th day of September, 1889. It appears that such loan was evidenced by a promissory note given to the plaintiff by such co-partnership, secured by collaterals, which note was renewed from time to time by plaintiff with some change, as it appears, in the collateral deposited to secure the note. It also appears that the co-partnership

between the two defendants was dissolved on the 31st day of July, 1891, and that immediately thereafter a new firm of the same name was formed, which took all the assets of the old firm, and assumed all of its liabilities, and continued to do business until the 30th day of September, 1891, when such firm suspended; that, subsequent to the dissolution of said firm, new notes were given for the indebtedness, and the time of payment thereof extended; that this defendant never had any knowledge of the creation of the indebtedness, of the various extensions of payment, of the transactions between the said new firm and the plaintiff, nor of the sale of its securities held by the plaintiff as collateral, and had no notice of such sale; that the relations between this defendant and his codefendant have become, since such dissolution, unfriendly; and that this defendant is unable to obtain from his co-defendant any information as to these transactions, such co-defendant not being a resident of this state; and the examination of one of the officers of the plaintiff is necessary to enable this defendant to prepare his answer, so as to properly state his defense; that by the relation of the plaintiff and the new firm, and the extension of these notes, and the giving of new notes for this indebtedness, this defendant has been discharged.

We think that, under these circumstances, this defendant was entitled to the order for the examination of an officer of the plaintiff. Enough appears to show that after the dissolution of the firm, and the giving of the new notes by the new firm, such new firm became the principal debtors, and this defendant liable, if at all, as surety. Shortly after such dissolution, the new firm suspended payment; and, after such suspension, the plaintiff accepted a new note in place of the one then in existence, thus extending the time of the payment of the indebtedness. A knowledge of the negotiations and agreement between the new firm and the plaintiff under which such extension was granted, or new note accepted, is quite material to enable this defendant properly to prepare his answer, so as to set up the facts which would show that such extension discharged this defendant; and no possible reason exists why the plaintiff should refuse such information to the defendant, except it is to enable the plaintiff to recover against the defendant, when, upon the facts in regard to the relation between the new firm and the defendant, no such recovery should be allowed.

If this defendant has been discharged by this new agreement, he certainly should be allowed to make the proper allegation in his answer setting up that fact; and as he had no knowledge himself of the transaction, either in the making of the original note or its renewals, and as, in consequence of the change or relation between himself and his co-defendant, and the nonresidence of such co-defendant, the only information that he could possibly obtain is from the plaintiff, we think that the order appealed from was right, and should be affirmed, with $10 costs and disbursements.