## CAMPBELL v. JOSEPH H. BAULAND CO.

(Supreme Court, Appellate Division, Second Department. June 27, 1899.) •

**1. DISCOVERY—EXAMINATION OF PARTY BEFORE TRIAL—LACHES.**
  Difficulty in discovering the whereabouts of plaintiff, coupled with the fact that the attorney for defendant went into the army for three months, and was seriously ill after his retirement, excuses laches in delaying from December to February in obtaining a second order requiring plaintiff to submit to an oral and physical examination before trial.

**2. SAME—RESIDENCE OF PLAINTIFF.**
  Residence within the state of a party is not a condition precedent to the order for his examination before trial.

**3. SAME—VACATION OF ORDER.**
  Refusal to obey an order requiring a party to submit to examination before trial, after notice, warrants a refusal to vacate it because the party is not a resident of the state.

**4. SAME—FAILURE TO PAY WITNESS FEES.**
  The failure to pay the witness fees when the order is served requiring a party to submit to an examination before trial, as required by Code Civ. Proc. § 874, does not warrant the vacating of such order where the party has not submitted his person to the jurisdiction of the court.

**5. SAME—SUFFICIENCY OF AFFIDAVIT.**
  In a personal injury case, an affidavit to procure an order for an oral and physical examination of plaintiff before trial, which shows that the inquiry is to be concerning the nature and extent of plaintiff's injuries, and that such examination is material, and necessary to inform defendant of the injuries, is sufficient.

Appeal from special term, Kings county.

Action by Loretto L. Campbell, an infant, by George E. Campbell, her guardian ad litem, against the Joseph H. Bauland Company. From an order vacating and setting aside two orders requiring plaintiff to submit to an oral and physical examination before trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Lloyd McK. Garrison, for appellant.
J. Edward Swanstrom, for respondent.

HATCH, J.   This action is brought to recover damages for personal injuries sustained by the falling of an elevator which was being operated in the store of the defendant, the claim being that the elevator was so negligently operated by the defendant that injury resulted to the plaintiff.   The papers upon which the order for the examination was obtained show that the injuries claimed to have been sustained by the plaintiff are averred in the most general form, and in these words:  "That the plaintiff was greatly hurt and injured, and suffered, and still suffers, great pain and agony, and became. and still is, sick, sore, lame, and disordered, and received internal and other injuries which he believes are permanent in their nature, and has ever since been, and still is, incapacitated from attending to her duties, and is otherwise injured; to her damage," etc.   The formal parts of the moving papers upon which the orders for examination were granted in form were a sufficient compliance with the statute.   Upon the merits it was stated that the defendant was ignorant of the nature and extent of the injuries of which complaint was made; that request had been made of the plaintiff for a physical examination of her person by a physician;  that the same had been denied, and, after diligent investigation, the defendant was unable to obtain any definite information as to the nature and extent of the injuries sustained. The first order was not served.   It was granted December 28, 1898. Delay in obtaining the second order was had until the 6th day of February, 1899.   The last order was served upon the plaintiff's attorney, and without the state upon the plaintiff, as she had become a nonresident.   The plaintiff failed to obey this order, or to appear before the referee therein, and thereafter this motion was made to set both orders aside.

Neither the order to show cause nor the order vacating the former order shows the grounds upon which the same was made or granted.   The plaintiff, however, contends upon this appeal that the orders were properly vacated for laches in delaying application for the last order;  that the plaintiff was a nonresident, and therefore the order could not be served within the state, as required by the Code;  that no witness fees were paid when the order was in fact served, and that the papers upon which the orders were granted are fatally defective.   So far as laches is concerned, the papers disclose much difficulty in discovering the whereabouts of the plaintiff, whose place of residence was unknown to the defendant.   In addition thereto, the attorney for the defendant was in the military service of the United States from September 5 to December 7, 1898, and was seriously ill after his retirement therefrom.   We think, therefore, that there was no laches which should operate to defeat the orders.   The Code of

Civil Procedure (section 873) requires the court to grant an order for the examination of a party when the papers presented comply with the prior section. Nothing contained therein requires, as a condition precedent, that the party to be examined shall reside within the state. Service of such order is required to be made within the state, and it may be that the party is not required to obey it unless so served. But it must be presumed, we think, that service can be made within the state when the application presents a proper case, and, if such an order be brought to the attention of the party or his attorney, the duty rests upon the party to obey it so long as it remains in force. Bank v. Underwood, 90 Hun, 342, 35 N. Y. Supp. 693. As the duty of the party is to submit himself to the jurisdiction of the court, and obey its proper orders, when he refuses the court is amply endowed with power to protect the rights of the adverse party, as the circumstances of the case may require. Bank v. Underwood, 6 App. Div. 373, 39 N. Y. Supp. 596. We do not find ourselves in harmony with the case of Witcher v. Association (Super. N. Y.) 14 N. Y. Supp. 290, in so far as it conflicts with the view we have announced. Refusal to obey the order, after notice of its existence, furnishes good ground for denying a motion to vacate it if it is otherwise proper. So far as the failure to pay to the party the witness fees required by section 874 of the Code of Civil Procedure is concerned, it cannot be made the basis for vacating the orders, for, until the party submits her person to the jurisdiction of the court, there is no obligation to pay any fees. Undoubtedly, the defendant will be required so to pay when it makes service within the state, but, until the party furnishes the defendant with such opportunity, it cannot exact what the defendant is not bound to do, or vacate its order because the plaintiff will not allow the defendant to comply with it. A different question would be presented had the plaintiff offered to appear and be examined on payment of fees or expenses from the place where the papers were served, as it may be that under such circumstances the moving party should pay fees or expenses before exacting attendance of the party. The affidavit upon which the order was granted makes out a case within the Code. It is quite evident from the circumstances which it details that the examination is sought for the sole purpose of inquiry concerning the nature and extent of plaintiff's injuries, and for a physical examination of her person in connection therewith. This the law authorizes. Lyon v. Railway Co., 142 N. Y. 298, 37 N. E. 113. It is quite evident that the defendant will be unable to inform itself as to these matters except by an examination of the person, and that such an examination is material and necessary to the defense of the action is clearly apparent. The case in this respect differs radically from that presented in Naab v. Stewart, 32 App. Div. 478, 52 N. Y. Supp. 1094. In that case a general examination of the party was asked, and we held the affidavits defective, in that they did not set forth the facts showing that the defendant could not, with diligence, obtain the information without such examination. The case carried the rule to the

extreme, and must be held limited to the particular papers which furnished the occasion for the decision. The present case conforms more nearly to the decision in Sewell v. Butler, 16 App. Div. 77, 44 N. Y. Supp. 1074, which is practically controlling here. It follows that the order should be reversed.

Order reversed, with $10 costs and disbursements, and motion denied, without costs. All concur.