(55 Misc. Rep. 32.)

GILROY v. INTERBOROUGH–METROPOLITAN CO. et al.

(Supreme Court, Special Term, New York County.   June, 1907.)

1. DISCOVERY—UNDER STATUTORY PROVISIONS—ORDER—VACATING.

An order for the examination of plaintiff, and an order, on a showing that plaintiff was without the state, directing that the service of the order for examination be made by service of a copy thereof without the state, will be set aside where it appears that plaintiff is a resident of Scotland, and is not, at the time, within this country.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, § 75.]

2. DEPOSITIONS—PERSONS WHOSE DEPOSITIONS MAY BE TAKEN—PARTIES.

Under the express provisions of Code Civ. Proc. § 887, the examination of any party to an action may be had by commission.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Depositions, § 12.]

Action by Alexander Bruce Gilroy against the Interborough-Metropolitan Company and others.   Motion to set aside an order for the examination of plaintiff and an order directing that the service of such

order of examination be made by service of a copy thereof without
the state on plaintiff. Motion granted.

Moss & Feiner, for plaintiff.

Underwood, Van Vorst & Hoyt, for defendants.

TRUAX, J. This is a motion to set aside an order for the examina-
tion of the plaintiff in order to enable the defendant, who obtained the
order, to prepare his answer.

The papers show that the plaintiff is a resident of Scotland and is
not now in this country, and the order directs him to appear before a
referee in the city of New York on a certain day to be examined con-
cerning the matters relevant to the issues in this action. The said de-
fendant, upon an affidavit showing that the plaintiff was without this
state, obtained an order directing that the service of said order of ex-
amination be made by service of a copy thereof without the state upon
the said plaintiff. I am of the opinion that both of the above-mentioned
orders should be vacated and set aside. It was held in Witcher v.
Tribune Ass'n, reported in the Law Journal of May 15, 1890, that the
power of the court to order an examination of a party before trial, at
the instance of an adverse party, was purely statutory and depended
solely upon the provisions of the Code, and that, therefore, when it
appears that the party sought to be examined is a nonresident of the
state and cannot be served within the state, the court may decline to
make what appears to be a useless order. This case was affirmed by
the General Term of the Superior Court in a decision which is re-
ported in 59 Super. Ct. 224, 14 N. Y. Supp. 290. It is true that this
case was criticised and not followed in Campbell v. Bauland Co., 41
App. Div. 474, 58 N. Y. Supp. 984, but I prefer to follow the Witcher
Case, because I deem its reasoning the sounder. In Farmers' Nat. Bank
v. Underwood, 6 App. Div. 373, 39 N. Y. Supp. 596, the court called
attention to the fact that no motion was made to vacate the orders di-
recting the service of the order for the examination upon the person
who was to be examined without the state, nor was the question pre-
sented as to the power of the court to direct such a service. In Witcher
v. Tribune Ass'n (Super. Ct.) 14 N. Y. Supp. 290, the court called at-
tention to the fact that section 873 of the Code of Civil Procedure ex-
pressly provided that service of the order for the examination of a party
must be made within this state, and that section 886 provided that if
the person to be examined is a resident of the state, he shall not
be required to attend in any county other than that in which he re-
sides, or where he has an office for the regular transaction of business,
in person, and that, if he is not a resident, he shall not be required to at-
tend in any other county than that wherein he is served with a sub-
pœna, unless for special reasons stated in the affidavit the order other-
wise directs; and it was there held that there is no power in the court
to require the plaintiff, as a resident of another state, to come to New
York from such state for the sole purpose of being examined. It was
contended on the argument that, if the plaintiff could not be compelled
to come into this state to be examined, he would obtain a right that the
defendants could not obtain, and that having by bringing the action sub-

mitted himself to the jurisdiction of the court he should be compelled to come within the state. The view that I have taken does not prevent the defendants from obtaining an examination of the plaintiff. They can obtain such an examination under sections 887 et seq. of the Code of Civil Procedure. Section 887 provides that any party to the action may be examined on commission.

Motion to dismiss the orders granted, with $10 costs.