(129 App. Div. 459.)

### LOEWY v. GORDON et al

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. WORDS AND PHRASES—"PRESCRIBED."
    The word "prescribed" has a well-defined legal meaning, denoting to lay down authoritatively as a guide, direction, or rule, to impose as a peremptory order; to dictate; to point; to direct; to give as a guide, direction, or rule of action; to give law.
    [Ed. Note.—For other definitions, see Words and Phrases, vol. 6, pp. 5519–5521.]

2. STATUTES (§ 188*)—CONSTRUCTION—WORDS.
    Words having a precise and well-settled meaning in the jurisprudence of a country are to be understood in the same sense when used in statutes, unless a different meaning is unmistakably intended.
    [Ed. Note.—For other cases, see Statutes, Cent. Dig. § 266; Dec. Dig. § 188.*]

3. STATUTES (§ 239*) — CONSTRUCTION — STATUTES IN DEROGATION OF COMMON LAW.
    When a statute giving a privilege unknown to the common law, or enlarging a privilege, authorizes something to be done in the manner therein prescribed, it by necessary implication forbids that it shall be done in any other way, even though that other way should be just as good or better.
    [Ed. Note.—For other cases, see Statutes, Cent. Dig. § 320; Dec. Dig. § 239.*]

4. DISCOVERY (§ 55*) — EXAMINATION BEFORE TRIAL—STATUTORY PROVISIONS— SUFFICIENCY OF APPLICATION.
    Code Civ. Proc. § 870, authorizes the taking of a party's deposition before trial as prescribed by the article. Section 872 prescribes the requisites of an affidavit on a motion for the taking of a deposition to be presented to a judge of the court in which the action is pending. Section 873 prescribes that the judge to whom such an affidavit is presented must grant an order for the examination, if an action is pending, etc. *Held*, that the judge cannot grant the order except upon presentation of the prescribed affidavit, and it was error to grant it in the absence of such affidavit, though the notice of motion by plaintiff stated that it was to be

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

made upon an annexed affidavit of plaintiff, and upon all the pleadings and proceedings, so that the necessary facts could be ascertained.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 55.*]

5. DISCOVERY (§ 55*)—EXAMINATION BEFORE TRIAL—RIGHT TO ORDER.

A person presenting the affidavit prescribed by the statute, in harmony with rule 82 of the general rules of practice, requiring the affidavit to specify the facts and circumstances which show the examination to be material and necessary, would have an absolute right to an order for the examination.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 55.*]

Gaynor, J., dissenting in part.

Appeal from Special Term, Kings County.

Action by Abraham B. Loewy against Morris Gordon and another. From an order granting plaintiff the right to examine defendants before trial, defendants appeal. Reversed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Joseph Wilkenfeld, for appellants.

Morris Meyers, for respondent.

WOODWARD, J. The plaintiff brings this action to recover commissions alleged to have been fraudulently withheld from him by the defendants, who under various contracts, running back to 1901, were under obligations to keep track of, and to account to him for, sales made within the territory assigned to him, upon which he was entitled to commissions, whether the sales were made by the plaintiff directly or not. He has been granted an order for the examination of the defendants, together with their books, papers, etc., in connection with such examination, and the defendants appeal from such order.

Section 870 of the Code of Civil Procedure provides that the "deposition of a party to an action pending in a court of record * * * may be taken at his own instance or at the instance of an adverse party, or by a coplaintiff or codefendant at any time before or during the trial as prescribed by this article." The word "prescribed" has a well-defined legal meaning; it means to "lay down authoritatively as a guide, direction, or rule; to impose as a peremptory order; to dictate; to point; to direct; to give as a guide, direction, or rule of action; to give law." 22 Am. & Eng. Ency. of Law, 1179, and authorities cited in notes. Words having a precise and well-settled meaning in the jurisprudence of a country, are to be understood in the same sense when used in statutes, unless a different meaning is unmistakably intended (Perkins v. Smith, 116 N. Y. 441, 23 N. E. 21), and when a statute giving a privilege unknown to the common law, or enlarging a privilege, authorizes something to be done in the manner therein prescribed, it by necessary implication forbids that it shall be done in any other way, even though that other way should be just as good or better. ·

Section 872 provides that the "person desiring to take a deposition as prescribed in this article may present to a judge of the court in which the action is pending * * * an affidavit, setting forth as follows: [Here are set forth seven subdivisions telling what this affidavit shall contain.]" Section 873 prescribes that the "judge to whom

such an affidavit is presented must grant an order for the examination, if an action is pending," etc. It is only upon the presentation of such an affidavit—the affidavit prescribed by the previous section—that the judge must grant the order, and he has no authority to grant it upon any other conditions. In the case now before us it is not contended that the affidavit presented to the judge contained the matters prescribed by section 872; but it is urged that as the notice of motion pointed out that it was to be made "upon the annexed affidavit of Abraham B. Loewy, the plaintiff herein, and upon all the pleadings and proceedings had herein," and as the necessary facts may be gathered from such pleadings, the moving papers are sufficient, and that the defendants are technical in their objections. But a notice of motion is no part of the affidavit, the affidavit itself does not refer to the pleadings in any way, or make them a part of the same, and, in any event, the statute does not prescribe this as the way to give power and authority to the court to grant the order. It requires an affidavit setting out the facts called for by section 872, and until such an affidavit has been made and presented to the judge there is no basis whatever for the granting of an order for the examination of an adverse party.

The right of a party presenting such an affidavit, in harmony with the provisions of rule 82 of the general rules of practice, is absolute (Shonts v. Thomas, 116 App. Div. 854, 855, 102 N. Y. Supp. 324, and authorities there cited); but the modern attitude of the court upon these orders does not justify granting or sustaining them where the moving party has not complied with the conditions prescribed. The statute grants a favor, and if the party moving desires the favor he must comply with the conditions prescribed. That is the clear requirement of sections 870, 872, and 873 of the Code of Civil Procedure; and, because the plaintiff has failed to comply with the conditions, the order appealed from must be reversed, with costs. All concur.

GAYNOR, J. (concurring in result). The order was not obtained ex parte, but on notice of motion. The plaintiff avers in his affidavit on which the order was obtained "that the sole and only purpose of such testimony and the request of the examination of the defendants herein is to prepare for such trial"; and the motion should have been denied for this. A party cannot be examined before trial for any such purpose. Diefendorf v. Fenn, 125 App. Div. 651, 110 N. Y. Supp. 68. The affidavit seems to have been prepared with very little, if any, familiarity with section 872 of the Code of Civil Procedure and such of the decisions thereunder as are any longer controlling. But I am not prepared to vote to reverse the order on account of the other deficiencies in the affidavit which the appellant points out, viz.: (1) That it does not give the name and residence of the defendant's attorneys, (2) or state the nature of the judgment demanded, (3) or of the defense, i. e., answer. The complaint and answer were made part of the papers on which the motion was made, and they show all of these things much better than an affidavit could do it. And why, if it comes to that, should the affidavit state the names of the parties and of their attorneys—for what purpose? The names of the parties are in the title, and those of the attorneys on the pleadings, and the addresses of the

parties and attorneys is only so much verbiage. Section 872 prescribes it, but its provisions are taken from the old chancery rule for bills of discovery. When a party could not examine an adverse party in a common law action, but had to go into chancery with a bill of discovery, there was a reason why the bill should describe the pleadings in the common law action and give the names and addresses of the parties thereto and of their attorneys, but now that the examination is had in the action itself, and the entire record is present, there is no reason therefor, and the lack of such matter from the affidavit may well be excused when the order is obtained on the pleadings also. In such case it becomes mere verbiage. The broad meaning of the section is that such matter shall be shown before the judge to whom the application is made; and if shown by the best evidence, secondary evidence of it becomes unnecessary. Even where property rights are at stake, a substantial compliance with a statute prescribing the steps to pursue suffices. The letter often killeth. Very little should suffice to dispense with a useless statute requirement; indeed, in the case of proceedings divesting title to property, a requirement which could in no way safeguard the rights of the owner, and is useless, is disregarded.