(143 App. Div. 211.)

WALLACE et al. v. BACON et al.

(Supreme Court, Appellate Division, First Department. March 10, 1911.)

1. DISCOVERY (§ 51*)—EXAMINATION OF PARTIES—APPLICATION.

An affidavit from which it appeared that the defendants sought to be examined before trial were the brother and sisters of the decedent, and that the question was whether he had insane delusions when the will in controversy was made, was sufficient as stating facts and circumstances showing that the testimony was material as required by Code Civ. Proc. § 872, and General Practice Rule 82.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 65; Dec. Dig. § 51.*]

2. DISCOVERY (§ 47*)—EXAMINATION OF PARTIES—NONRESIDENTS.

A nonresident party may be examined before trial pursuant to Code Civ. Proc. §§ 870, 873, if he can be found within the state and served with the order for examination.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 61; Dec. Dig. § 47.*]

Dowling, J., dissenting.

Appeal from Special Term, New York County.

Action by Frances L. Wallace and another against Virginia P. Bacon and others. From an order vacating an order for the examination of four of the defendants before trial, plaintiffs appeal. Reversed.

See, also, 126 N. Y. Supp. 1149.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, MILLER, and DOWLING, JJ.

Edward W. Hatch, for appellants.

Pierpont Davis, for respondents Wallace and others.

John V. Bouvier, Jr., for respondents (Michel C. Bouvier and others.

INGRAHAM, P. J. On June 23, 1910, the plaintiffs obtained an order requiring the defendants Edward Wallace, Elizabeth H. McCune, Mary H. Wallace, and Margaret S. Wallace, to be examined as parties before trial pursuant to section 873 of the Code of Civil Procedure. The affidavit upon which this order was obtained disclosed that the plaintiffs are the committee of the person and property of one Allen Wallace, an incompetent; that the defendants Edward Wallace, Elizabeth H. McCune, Mary H. Wallace, and Margaret S. Wallace, the four defendants whose examination was sought, reside in Philadelphia, Pa.; that the action is brought to set aside the

probate of the will of John Wallace, deceased, the father of the incompetent; that the defendants whose examination is sought have appeared by attorneys and have answered the complaint; that the examination of these four defendants is necessary to prove facts which the plaintiffs must prove to succeed in this action, namely, that the decedent, John Wallace, had insane delusions at the time the will was made; that one of these defendants was a brother and the other three were sisters of the deceased; and that they have knowledge of the specific facts and circumstances as to which the examination is sought. It is apparent that the testimony of these witnesses would be material upon the trial of the action to prove the facts alleged in the complaint. This order having been granted, the defendants, upon the return day of the order, made a motion upon the affidavits upon which the same was granted to vacate the order. It does not appear by the record whether or not these defendants whose examination was sought were served with the order in this jurisdiction. The motion seems to have been made and granted solely upon the ground that it appeared by the papers upon which the order for the examination was sought that they were not residents of this state; and the question presented, therefore, is whether the fact that a party whose examination is sought does not reside within this state precludes an adverse party from examining him before trial.

There is no such limitation in the Code. Section 870 of the Code provides that the deposition of a party to an action pending in a court of record may be taken at his own instance, or at the instance of an adverse party, at any time before or during the trial, as prescribed in the article. Section 872 provides that a party desiring to take a deposition as prescribed in the article may present to a judge of the court in which the action is pending an affidavit setting forth the name and residence of all the parties to the action, the nature of the action, the substance of the judgment demanded, and, if an answer has been interposed, the nature of the defense, the name and residence of the party to be examined, and that the testimony of such person is material and necessary for the party making the application or for the prosecution or defense of the action. Upon these facts appearing by affidavit, the plaintiffs were entitled to an order for the examination of these four defendants before trial. No other fact was required, and nothing in the article of the Code in question even suggests that the nonresident party should be entitled to a privilege or benefit which is denied to a resident. These defendants are parties to the action. They have knowledge of facts which it is essential that the plaintiffs should prove to establish their cause of action. They live in an adjoining city, and so far as appears, may have been actually within this state and served with the order for their examination. The statute expressly authorizes their examination at any time before or at the trial, and, unless the courts are justified in disobeying the express mandate of the Code, the order for the examination was properly granted. It is apparent in this order that it was granted upon the affidavit presented and upon the pleadings in the action. I can see no objection to using the pleadings as affidavits when the order granted is based upon them; but

I think, on the affidavits presented without the pleadings, the facts required to be stated by section 872 of the Code were sufficient to require the judge to whom the papers were presented to grant the order for the examination.

The facts and circumstances are required by rule 82 of the General Rules of Practice to show that the testimony of those parties sought to be examined was material and necessary. It appeared that the persons sought to be examined were the brother and sisters of the deceased. The question as to whether or not the deceased had delusions which would justify the court in setting aside the will was a material fact to be proved upon the trial, and the relationship of the parties sought to be examined was sufficient to show that the testimony of the witnesses was material and necessary. Certainly these witnesses could testify to material facts upon the trial, and the plaintiffs are entitled to call them as witnesses to prove the facts in relation to the alleged delusions under which the decedent was suffering at the time of the execution of this will, if they existed. There could be no other facts and circumstances alleged from the nature of the case. There is nothing in those affidavits that justifies a finding that this application was not made in good faith, and I therefore think that both the provisions of the Code and of the General Rules of Practice were complied with. The court below vacated this order upon the assumed ground that this court decided that a nonresident party could not be examined before trial at the instance of the adverse party, and that is the question really presented on this appeal.

The court below assumed that this question has been decided by this court. Gilroy v. Interborough-Met. Co., 120 App. Div. 883, 105 N. Y. Supp. 1117, was an appeal from an order vacating an order for the examination of the plaintiff, who was a resident of Scotland. The motion to vacate the order was made upon an affidavit from which it appeared that the party sought to be examined resided in Scotland, was not within this state, and could not be served within this state. The judge at Special Term held that on these facts the order should be vacated, citing Witcher v. Tribune Association, 59 N. Y. Super. Ct. 226, 14 N. Y. Supp. 290, although the Appellate Division in the Second Department had refused to follow that case in Campbell v. Bauland, 41 App. Div. 474, 58 N. Y. Supp. 984. Upon an appeal to this court, that order was affirmed; but, as we did not adopt the opinion below and wrote no opinion, it cannot be said that we adopted the views of the Special Term in deciding that case, or that we intended to reverse or refuse to follow Campbell v. Bauland, supra. In Hartmann v. Hearst, 121 App. Div. 925, 106 N. Y. Supp. 1129, the Special Term also vacated an order for the examination of a party before trial; and the order in that case was also affirmed by this court without opinion. In neither of these cases did this court approve of the grounds assigned by the Special Term. The affirmance in both cases was upon the ground that, upon the facts which appeared, we were satisfied that the order for the examination was not obtained for the purpose of procuring the testimony of the wit-

ness, but for an ulterior purpose, and the applicant had not, therefore, brought himself within the provisions of the Code of Civil Procedure.

Where a party sought to be examined resides in a foreign country and is not at the time of the granting of the order and never has been within this state, and with no possibility of ever being able to serve the person sought to be examined, there is ground for saying that the order for the examination of such person within this state was not for the purpose of obtaining the testimony, but as a basis for some further application to the court because of the failure of the person required to appear for examination to appear and be examined. The question as to whether or not an order of this character is obtained in good faith for the purpose contemplated by the statute is one which is to be determined from the particular facts appearing in each case; but the fact that a party to an action pending here is a resident of an adjoining city does not, of itself, show that the application is not made in good faith to obtain the testimony of the parties sought to be examined; and the only fact that appears here to justify the order appealed from is that the person sought to be examined resides in Philadelphia, Pa. Nothing appears to show that these witnesses were not in the habit of coming to New York, could not be served here, or that they they had not actually been served with the order that was granted in this action, and there is nothing that I can find in these papers to justify the conclusion that this order was obtained in bad faith and not with the intention of procuring the testimony of these defendants. Of course, the attendance of the parties sought to be examined cannot be enforced, unless they come within this state; but it is not necessary to determine on this appeal whether the plaintiffs would be entitled to any other or further relief because of the refusal of the persons sought to be examined to come to this state and submit to such an examination. All that we have in this case is the isolated fact that the party sought to be examined is a nonresident of this state, and that fact does not prevent a party to the action from examining such nonresident before trial if he can be found within this state and served with the order requiring his examination.

In Bluthenthal & Bickart, Inc., v. Crowley, 138 App. Div. 845, 123 N. Y. Supp. 520, this court reversed an order vacating an order for an examination before trial of the officers of a foreign corporation, which is a later authority than any one relied on by the court below.

It follows that the order for the examination should not have been vacated, and the order appealed from is therefore reversed, with $10 costs and disbursements, and the motion to vacate the order for the examination denied, with $10 costs, and the order for the examination reinstated.

LAUGHLIN, CLARKE, and MILLER, JJ., concur. DOWLING, J., dissents.