CONTINENTAL SECURITIES CO. et al. v. BELMONT et al.

(Supreme Court, Appellate Division, Second Department.   November 17, 1911.)

1. DISCOVERY (§ 55*)—EXAMINATION BEFORE TRIAL—MOVING PAPERS—REQUISITES.

Where, in the moving affidavit for an examination before trial, affiant produces the complaint and answer and makes them a part of the affidavit as a basis for the order, Code Civ. Proc. § 872, subd. 2, requiring the moving affidavit to set forth the nature of the action and the defense, is complied with.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 68–70; Dec. Dig. § 55.*]

2. DISCOVERY (§ 51*)—EXAMINATION BEFORE TRIAL—MOVING PAPERS—REQUISITES.

Where the moving papers for an examination before trial show that most of the transactions attacked are peculiarly within the knowledge of the parties sought to be examined, that it is the purpose to use their evidence on the trial, and that the facts sought are pertinent to the issues, the court should order the examination.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 51.*]

Appeal from Special Term, Nassau County.

Action by the Continental Securities Company and another, stockholders in the Interborough Rapid Transit Company, against August Belmont and others. From an order refusing to vacate an order for the examination before trial of August Belmont and another, they appeal. Affirmed.

See, also, 130 N. Y. Supp. 1108.

Argued before JENKS, P. J., and BURR, CARR, WOODWARD, and RICH, JJ.

Courtland V. Anable (Julien T. Davies, De Lancey Nicoll, and Charles H. Tuttle, on the brief), for appellants.

J. Aspinwall Hodge (Stephen M. Yeaman and Alexander Holtzoff, on the brief), for respondents.

WOODWARD, J. The affidavit upon which the order for the examination of the appellants was obtained stated that the action was brought—

"on behalf of themselves and of all other stockholders of the defendant Interborough Rapid Transit Company who are. similarly situated, and for the benefit of said corporation defendant, for the purpose of compelling the individual defendants, and each of them, to account to said corporation defendant for 15,000 shares of the par value of $100 each, and of a much greater market value, of the capital stock of said corporation defendant, which is in the complaint alleged to have been unlawfully issued to them, or any of them, under and pursuant to a transaction which is more fully set forth in the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Affirmed without opinion.

complaint herein. A copy of said complaint, of the two supplemental complaints herein, and the answer of each defendant who has appeared herein are submitted to the court upon this motion, and are made a part of this affidavit."

No further or other statement is contained in the moving affidavit as a compliance with the provisions of subdivision 2 of section 872 of the Code of Civil Procedure, requiring that, on an application for an order for the examination of a party, the moving affidavit set forth:

"If an action is pending, the nature of the action, and the substance of the judgment demanded, and if the application is made by the defendant before answer, or by either party after answer, the nature of the defense."

[1] It is contended by the appellants that the order should have been vacated for a noncompliance with the provisions of this subdivision of the section. The manifest purpose of the provision quoted is to apprise the court of the general nature of the action, and of the issues to be tried, so it may judge of the propriety of granting the order asked, and, in case granted, of limiting the scope of the examination. All the purposes of the section are met by the production of the pleadings themselves. When, therefore, in the moving affidavit the affiant produces the pleadings themselves, and makes them "a part of his affidavit" as a basis of the order asked, has he not met all the substantial requirements of the Code in that respect? We think he has.

It has been held that, for the purposes of complying with the provisions of this section, the pleadings themselves may be used as an affidavit, when the order is based upon them, and the affidavit makes the pleadings a part of it. Wallace v. Bacon, 143 App. Div. 211–213, 128 N. Y. Supp. 130; Grant v. Greene, 118 App. Div. 850, 103 N. Y. Supp. 674. In the case of Loewy v. Gordon, 129 App. Div. 459, 114 N. Y. Supp. 211, cited by the appellants in support of their contention, the pleadings were simply referred to in the moving affidavits, without making them a part of it, or basing the order upon them, which facts distinguish that case from the one now under consideration.

[2] The other objections to the sufficiency of the moving papers on which the order for examination was granted, we think, are not well taken. We think they sufficiently establish that many, if not most, of the transactions attacked are peculiarly within the knowledge of the parties sought to be examined, that it is the purpose to use their evidence on the trial, and that the facts to be developed are pertinent to the issues to be tried. In such cases, courts should not hesitate to grant the right of examination given by the Code. Richards v. Whiting, 127 App. Div. 208, 111 N. Y. Supp. 21; Goldmark v. U. S. Electro-Galvanizing Co., 111 App. Div. 526, 97 N. Y. Supp. 1078; Poole v. Meass, 144 App. Div. 155, 128 N. Y. Supp. 751.

The order appealed from is therefore affirmed, with costs. All concur.