WOLF et al. v. UNION WAXED & PARCHMENT PAPER CO.

(Supreme Court, Appellate Division, First Department.   January 19, 1912.)

1. DISCOVERY (§ 59*)—DISOBEDIENCE OF ORDER—PUNISHMENT.

There is no jurisdiction to punish a party for failure to appear for examination before trial until personal service of the order for the examination is made on him within the state.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 73; Dec. Dig. § 59.*]

2. DISCOVERY (§ 47*)—PARTIES SUBJECT TO EXAMINATION.

The provisions of the Code of Civil Procedure with respect to examination of parties before trial apply to nonresidents as well as residents.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 61; Dec. Dig. § 47.*]

3. DISCOVERY (§ 77*)—DISOBEDIENCE OF ORDER.

The court has authority to stay the proceedings of a nonresident party who fails or refuses to obey an order for an examination before trial, of which he has notice, although he was not personally served with the order within the state.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 91; Dec. Dig. § 77.*]

4. DISCOVERY (§ 61*)—DISOBEDIENCE OF ORDER.

Whether an order for examination before trial as against a nonresident should be permitted to stand, or whether proceedings on his part should be stayed, depends on the facts presented to the court on the application, and the court will not ordinarily allow such order to stand or be used as a stay, where it appears that it was not obtained in good faith, or is unreasonable, or will cause great inconvenience or expense without corresponding benefit.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 75; Dec. Dig. § 61.*]

5. DISCOVERY (§ 77*)—EXAMINATION BEFORE TRIAL—DISOBEDIENCE OF ORDER.

A firm of brokers conducting an office in New York and in Philadelphia were ordered to appear for examination before trial in an action commenced by them, and on a motion for a stay of proceedings on the part of plaintiffs until those who were nonresidents had appeared and submitted to examination plaintiffs' attorney presented an affidavit to the effect that the court had not acquired jurisdiction, and that the nonresidents were in charge of the Philadelphia office, and not familiar with the facts relating to the issues. *Held*, that an order staying proceedings should have been granted.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 91; Dec. Dig. § 77.*]

Miller, J., dissenting.

Appeal from Special Term, New York County.

Action by Edwin Wolf and others against the Union Waxed & Parchment Paper Company. Appeal by defendant from an order denying its motion for a stay of all proceedings on the part of plaintiffs until certain of them appear and submit to examination pursuant to an order made for their examination before trial. Reversed.

See, also, 132 N. Y. Supp. 1151.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Lucius L. Gilbert, for appellant.
Walter J. Rose, for respondents.

LAUGHLIN, J. The plaintiffs constitute a firm of stockbrokers having offices and operating in New York and Philadelphia. The action is to recover the value of certain interest coupons upon 50 negotiable bonds issued by the defendant, which were hypothecated with the plaintiffs by one Gardner as security for loans and advances made and to be made by them to him. The defense pleaded is, among other things, that the bonds were owned by the defendant, that it employed Gardner to sell them, and that plaintiffs had notice that Gardner was not the true owner. An order was duly made for the examination of all of the plaintiffs on the 11th day of September, 1911, and under it four of them have been examined. The three plaintiffs who have not been examined reside in Philadelphia. Four days after the original order for the examination was made, plaintiffs obtained an order to show cause why it should not be vacated, and their motion to vacate it was denied four days later, and a time for their appearance for examination was again fixed. They have acquiesced in this order without either appealing or applying for leave to renew their motion to vacate the order on the ground that the plaintiffs who have not been examined have no personal knowledge of the transactions in question and can give no material testimony, or on the ground that they will be seriously inconvenienced if required to attend for examination within the jurisdiction of the court, or that for any reason they are unable to come here for examination. The order has not been served personally on the parties who have not been examined; but it has been served on their attorney.

[1] The court, of course, has no jurisdiction until personal service of the order within the state is made to punish the plaintiffs for failing to appear for examination. Tebo v. Baker, 77 N. Y. 33; Grant v. Greene, 121 App. Div. 756, 106 N. Y. Supp. 532; Goldenberg v. Zirinsky, 114 App. Div. 827, 100 N. Y. Supp. 251; Hall v. Gillman, 87 App. Div. 248, 84 N. Y. Supp. 279; Farmers' Bank v. Underwood, 90 Hun, 342, 35 N. Y. Supp. 693, s. c. 6 App. Div. 373, 39 N. Y. Supp. 596.

[2] The provisions of the Code of Civil Procedure with respect to examination of parties before trial, however, apply to nonresidents as well as to residents of the state (Wallace v. Bacon, 143 App. Div. 211, 128 N. Y. Supp. 130); and a party entitled to such examination is not obliged to resort to the other provisions of the Code of Civil Procedure with respect to taking depositions without the state.

[3] It is competent for the court and it is proper practice to stay the proceedings of a nonresident party who refuses or fails to obey an order of the court of which he has notice, even though it has not been personally served upon him within the state. Campbell v. Bauland Co., 41 App. Div. 474, 58 N. Y. Supp. 984; Dudley v. Press Pub. Co., 53 Hun, 347, 6 N. Y. Supp. 388; s. c., 58 Hun, 181, 11 N. Y. Supp. 337; Balestier v. Tribune Ass'n, 69 Misc. Rep. 72, 125 N. Y. Supp. 845; Farmers' Bank v. Underwood, supra; Dennis v.

Stock, Grain & Provision Co., Ltd., 144 App. Div. 585, 129 N. Y. Supp. 760.

[4] Whether such an order for examination as against a nonresident should be permitted to stand, or whether proceedings on his part should be stayed, depends upon the facts presented to the court on the application. The court will not ordinarily allow an order for the examination of a nonresident party to stand or to be used to stay proceedings on his part where the circumstances · show that it was not obtained in good faith or is unnecessary or unreasonable, or will put the party to great inconvenience or expense to comply with it without any corresponding benefit to the other party.

[5] In the case at bar, no affidavit is presented by the parties who have not been examined. Their attorney merely presents an affidavit to the effect that the court has not acquired jurisdiction over them, and that all of the transactions in question occurred in the New York office, and that the parties who have not been examined were in charge of the Philadelphia office, and are not familiar with the facts relating to the issues herein, but manifestly his affidavit with respect to his client's knowledge is no evidence as to the fact. Here not only did the transaction out of which the action arises take place in New York, but the plaintiffs were regularly conducting business here and maintaining an office for that purpose. Moreover, it is not apparent that it will be a great hardship to plaintiffs to come over from Philadelphia, and submit to an examination here at a time, which doubtless can be agreed upon by counsel, to suit their convenience.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. ·

INGRAHAM, P. J., and CLARKE and SCOTT, JJ., concur.

MILLER, J. (dissenting). Sections 873, 874, art. 1, tit. 3, c. 9, of the Code of Civil Procedure, plainly require personal service within the state on the person sought to be examined of an order for the examination of a party or a witness pursuant to that article. Tebo v. Baker, 77 N. Y. 33. It is not a prerequisite to the granting of the order that such person be a resident of the state. Nonresidents frequently come here, especially from nearby places, and it may fairly be assumed that residents of Philadelphia are frequently in the city of New York, and may therefore be personally served with process within this state. The reason, therefore, for granting an order for the examination within the state of a nonresident party is not sufficient to justify the extension of the statute to a case not within it. Indeed, it is a sufficient reason to vacate an order that it was not applied for in good faith with a reasonable expectation on the part of the applicant of being able to serve it within the state; e. g., when the party sought to be examined resides at a place so remote that there is no likelihood of his being within the state. Gilroy v. Interborough-Metropolitan Co., 120 App. Div. 883, 105 N. Y. Supp. 1117;

Wallace v. Bacon, 143 App. Div. 211, 128 N. Y. Supp. 130. In the last case, Presiding Justice Ingraham said:

"Where a party sought to be examined resides in a foreign country and is not at the time of the granting of the order and never has been within this state, and there is no possibility of ever being able to serve the person sought to be examined, there is ground for saying that the order for the examination of such person within this state was not for the purpose of obtaining the testimony, but as a basis for some further application to the court because of the failure of the person required to appear for examination to appear and be examined."

We should not permit an order to be used as the basis of an application when we would vacate it if it appeared on the face of the papers that it was obtained for such use.

The service on the attorney was ineffectual. The plaintiffs have not in any sense disobeyed or disregarded an order which as to them can have no vitality until it is personally served upon them within the state. The case is not one of an attempt by a party to evade the process of the court. None of the cases cited by my Brother LAUGH-LIN go so far as to support the order about to be made, and a recent decision of this court in the Second Department is directly opposed to it. Goldenberg v. Zirinsky, 114 App. Div. 827, 100 N. Y. Supp. 251.

Article 2 of said title provides for the taking of depositions without the state for use within the state. Section 887 provides that the "applicant, or any other party to the action may be thus examined." Section 888 provides that:

"Such a commission may be issued, in either of the following cases: * * * (5) Where an issue of fact has been joined, in an action pending in a court of record, and the testimony is material to the applicant, in the prosecution or defense thereof."

It is within the discretion of the court whether a deposition under article 2 be taken upon written interrogatories or oral questions (see section 893), but, unless good reason should be shown for providing otherwise, the court would doubtless issue an open commission for the examination of parties residing so near to the city of New York as Philadelphia. It thus appears that the statute has expressly provided for the taking of depositions of both parties and witnesses, both within and without the state, for use within the state. Said article 1 provides for the taking within the state of the deposition of a party or witness whose testimony "is material and necessary for the party making such application, or the prosecution or defense of such action" (section 872, subd. 4), in case personal service on the person sought to be examined can be made within the state. Article 2 provides for the taking without the state of the deposition of a party or witness whose "testimony is material to the applicant" in the prosecution or defense of the action, and obviously was intended to cover cases in which personal service within the state could not be made. If the defendant really desires to examine the plaintiffs who reside in Philadelphia, it should go about it in the way provided by the statute. It will certainly be no more inconvenient for it to send a lawyer to Philadelphia or to employ one there to conduct the examination than

it will be for three plaintiffs to come to New York for its accommodation.

It surely will not be urged that this court has the power to require the plaintiffs to come to New York to submit to an examination before trial, or that it may directly impose that requirement as a condition of their right to prosecute an action in the courts of this state. That is the effect of the order about to be made, and, even conceding the power to do indirectly what may not be done directly, I think we should not exercise it in the face of express statutory provisions governing the case, and therefore vote to affirm the order.