1. DISCOVERY (§ 55*)—EXAMINATION BEFORE TRIAL—VACATION OF ORDER—AF-FIDAVIT.

    Where plaintiff's affidavit, upon which alone an order for the examination of defendant before trial, under Code Civ. Proc. § 768, is granted, states that the action is for breach of an oral contract by which defendants agreed to give plaintiff profits from sales of products manufactured from secret processes furnished by plaintiff, but fails to state anything as to the substance of the judgment demanded, as required by section 872, subd. 2, the order for defendant's examination will be vacated on notice.

    [Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 68–70; Dec. Dig. § 55.*]

2. CONTRACTS (§ 9*)—DEFINITENESS—"REASONABLE."

    In a contract providing that one party thereto should "give" the other certain formulæ and receive therefor "a reasonable amount from the profits" derived from the sale of articles manufactured therefrom, the word "reasonable" was synonymous with "satisfactory," and rendered the contract too indefinite to be enforceable.

    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 10–20; Dec. Dig. § 9.*

    For other definitions, see Words and Phrases, vol. 7, pp. 5953, 6334–6337.]

Action by B. Charles Canet against Higbie Smith and others. Motion to vacate an order for examination of defendant Smith before trial. Motion granted.

Order reversed, 149 N. Y. Supp. 1074.

E. J. Dowling, of New York City, for plaintiff.

Blackwell Bros., of New York City, for defendants.

PHILBIN, J. This is a motion to vacate an order for the examination before trial of the defendant Smith. The order was made solely upon the affidavit of the plaintiff. The motion now made is based upon four grounds: (1) That the requirement of subdivision 2 of section 872 of the Code of Civil Procedure has not been observed in said affidavit in that the substance of the judgment demanded is not set forth; (2) that said order requires the production of the books and papers of the defendant; (3) that the application is not made in good faith; (4) that the complaint does not state facts constituting a cause of action. The second objection may be readily disposed of by a modification of said order, and in fact the plaintiff asks that it be modified in that respect.

[1] The plaintiff's affidavit, upon which the said order was based, sets forth: That this action was brought for a breach of a contract by which "defendants agreed to give to plaintiff a reasonable amount from the profits to be realized from the sale of merchandise manufactured from certain secret processes, formulæ, and compounds which plaintiff gave to defendants, as long as the defendants continued to sell and manufacture the same." That said contract was made in November, 1904. That since said date defendants have manufactured and sold, and still manufacture and sell, said merchandise manufactured from

said secret processes, etc., and that such sales have aggregated many millions of pounds. All that is otherwise said in relation to the action itself relates to the fact that the defendants have put in a general denial and set up the statute of limitations. There is therefore nothing in relation to the substance of the judgment demanded set forth as required by said subdivision 2. It may be that the nature of the action is sufficiently described as one on contract, although nothing is said as to whether equitable or legal relief is sought. The plaintiff's counsel on the argument practically conceded the defect in said affidavit and included in his motion an application to amend the same nunc pro tunc, presumably as of the date of its verification, by inserting in paragraph 3 of said affidavit the following:

"That this action is brought by the plaintiff against the defendants for a breach of contract, as appears by the summons, complaint, and answer, which are made a part hereof."

The said application was made under section 768 of the Code of Civil Procedure. Although the authorization of the plaintiff to the change thus made in his affidavit may be implied so as to justify his counsel in making the alteration, yet it cannot be said that the averment so inserted has been sworn to by the affiant. Any question that might thus be suggested would have been obviated by filing a supplemental affidavit. Prior to the adoption of section 768, such defects or insufficiencies could not be supplied (Loewy v. Gordon, 129 App. Div. 459, 114 N. Y. Supp. 211), and, for the reasons set forth in the Loewy Case, the right given by the section should be granted only where the applicant is clearly entitled to it. Such an amendment nunc pro tunc allowed by another judge practically involves the assumption that the judge granting the original order would have done so if such an amendment had been included in the affidavit submitted to him, although, as a matter of fact, he might have concluded to deny the motion under such circumstances. As was said by Woodward, J, in Continental Securities Co. v. Belmont, 147 App. Div. 118, 131 N. Y. Supp. 713, in referring to said subdivision 2:

"The manifest purpose of the provision quoted is to apprise the court of the general nature of the action and of the issues to be tried, so it may judge of the propriety of granting the order asked, and, in case granted, of limiting the scope of the examination."

Even if the plaintiff is entitled to overcome the said defect by having his affidavit amended, as aforesaid, nunc pro tunc under section 768, and as to which I have some doubt, I still think that the order for the examination of the defendant Smith cannot be sustained. Under such amendment, the complaint becomes part of the papers upon which said order was granted, and thus the question is presented as to whether the plaintiff has stated a cause of action and brought the action in good faith. The plaintiff here is now a competitor in trade of the defendants, who were his employers for many years and until about a year ago. It is unnecessary to picture the hardship to which the defendants would be exposed if the plaintiff would have the right to make an examination of their affairs under the broad provisions of said order.

Certainly such a privilege should not be granted without the clearest right thereto, based upon a sufficient cause of action.

[2] The plaintiff's claim rests upon an alleged contract made in the year 1904. It provided that he should "give" defendants said formulæ, and that he should receive therefor "a reasonable amount from the profits" derived from the sale of the merchandise in which said formulæ were used. The alleged contract was apparently oral. It does not appear whether the defendants became vendees or licensees, nor as to how or when the reasonable amount was to be determined by the parties. That such a determination was to follow must be inferred from the contract, for the latter cannot be regarded as complete until the minds of the parties have met on the amount to be fixed. "Reasonable," under such conditions, must be regarded as synonymous with "satisfactory," and the latter has been held to be too indefinite under similar circumstances. Mackintosh v. Kimball, 101 App. Div. 494, 92 N. Y. Supp. 132. In United Press v. New York Press Co., 164 N. Y. 406, 58 N. E. 527, 53 L. R. A. 288, like the case at bar, it was impossible to determine from the agreement the price to be paid. Gray, J., said:

"It is elementary in the law that, for the validity of a contract, the promise, or the agreement, of the parties to it must be certain and explicit, and that their full intention may be ascertained to a reasonable degree of certainty. Their agreement must be neither vague, nor indefinite, and, if thus defective, parol proof cannot be resorted to."

The relations of the parties at the time said alleged agreement was made, and which was about eight years before plaintiff left defendants' employ, were such as to justify the belief that, if said understanding was had, it was felt that the completion of the terms of the contract could be safely deferred. In other words, that the defendants were to go on using the formulæ and later an agreement was to be made. The plaintiff must show by competent proof that he has a cause of action and is entitled to some relief (Boskowitz v. Sulzbacher, 121 App. Div. 879, 106 N. Y. Supp. 865), and I do not think he has done so. For that reason the motion to vacate the order must be granted.

Motion granted.