JACK GRAZIANO, an Infant, by FRANCES GRAZIANO, His Guardian ad Litem, Respondent, v. EAGLE PENCIL COMPANY, Appellant.

First Department, November 30, 1923.

**Depositions — examination of plaintiff before trial — proceedings may be stayed where plaintiff fails to appear for examination on notice.**

The defendant may be granted a stay of proceedings where the plaintiff fails to appear for examination before trial after proper service of notice of examination upon him.

APPEAL by the defendant, Eagle Pencil Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of September, 1923, denying its motion to dismiss the complaint or, in the alternative, to stay all proceedings because of the failure of the plaintiff to appear for examination before trial.

*Herman Goldman* [*Max A. Geller* of counsel], for the appellant.

*David M. Fink* and *Jacquin Frank* [*Jacquin Frank* of counsel], for the respondent.

McAVOY, J.:

The Special Term refused to stay proceedings on the part of a non-complying plaintiff who had been served with a notice to attend and be examined as to certain defenses. The court declined to stay such proceedings because it evidently concluded that our ruling in *Levine* v. *Moskowitz* (206 App. Div. 194), that a pleading of a party may not be stricken out for his failure to comply with a notice to attend for examination, unless a subpœna be served upon the party directing his appearance also, governed the asserted power of the court to stay proceedings where only a notice on the attorney was served. In this we think the learned court was mistaken in the purport of that decision.

We did not rule in the case cited that the court is without power to stay proceedings of a party who fails to submit himself to an examination before trial pursuant to a notice served upon his attorney. The opinion in that case does not advert to that subject. It has to do solely with striking out pleadings as a penalty for non-attendance.

Under the former Code of Civil Procedure and the practice prevailing thereunder, a party plaintiff who failed to submit himself to an examination before trial, pursuant to an *ex parte* order served upon the plaintiff's attorney, could be stayed by the court in its discretion until the plaintiff submitted himself to an examination.

15

First Department, November, 1923. [Vol. 207

In the case of *Wolf* v. *Union Waxed & Parchment Paper Co.* (148 App. Div. 625) this court laid down the rule as follows: " The court, of course, has no jurisdiction until personal service of the order within the State is made to punish the plaintiffs for failing to appear for examination. * * * It is competent for the court and it is proper practice to stay the proceedings of a non-resident party who refuses or fails to obey an order of the court of which he has notice, even though it has not been personally served upon him within the State. [*Campbell* v. *Bauland Co.*, 41 App. Div. 474; *Dudley* v. *Press Pub. Co.*, 53 Hun, 347; 58 id. 181; *Balestier* v. *Tribune Assn.*, 69 Misc. Rep. 72; *Farmers' Nat. Bank* v. *Underwood*, 90 Hun, 342; 6 App. Div. 373; *Dennis* v. *Stock, Grain & Provision Co. of N. Y., Ltd.*, 144 id. 585.] "

In the later case of *Sivelli* v. *New River Coal Co.* (184 App. Div. 62) this court said: " Such an order, which has not been personally served, can be enforced only by staying the proceedings of the foreign corporation. * * * (*Wolf* v. *Union Waxed & Parchment Paper Co.*, 148 App. Div. 625; *Wallace* v. *Bacon*, 143 id. 214, and *Kram* v. *Jewish World Publishing Co.*, 176 id. 841.) "

We think that the rule heretofore obtaining as announced in the foregoing opinions should be maintained now that the notice for examination before trial has superseded the *ex parte* order for examination. Consequently the order so far as it refused to stay proceedings was wrong and should be modified by providing that the motion for a stay be granted, and in other respects denied, and as so modified affirmed, with ten dollars costs and disbursements to the appellant.

CLARKE, P. J., DOWLING, FINCH and MARTIN, JJ., concur.

Order modified as indicated in opinion and as so modified affirmed, with ten dollars costs and disbursements to the appellant.