(93 Misc. Rep. 284)

### FLYNN v. ROACHE et al.

(Supreme Court, Trial Term, Albany County. January, 1916.)

1. DISCOVERY ☞77—DEFENDANT'S FAILURE TO APPEAR—MOTION TO STRIKE ANSWER—GROUND.

Where, at the hearing of a motion to strike out an answer for one defendant's failure to appear at an adjourned hearing of an examination before trial, it appears from affidavits based on letters that he was and is in a distant state and through illness unable to return, and further appears that granting of the motion will result in a default judgment against the defendant, the motion will be denied without prejudice, with right to plaintiff to renew on other papers when it clearly appears that the defendant is intentionally refusing to recognize and obey the court's order.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 91; Dec. Dig. ☞77.]

2. DISCOVERY ☞61—EXAMINATION OF DEFENDANT BEFORE TRIAL—VACATION OF ORDER—RENEWAL OF MOTION.

In such case, defendant's motion for leave to renew a motion theretofore made to vacate the order for the examination of such defendant will be denied, notwithstanding the showing made as to his illness.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 75; Dec. Dig. ☞61.]

Action by Patrick H. Flynn against J. Benedict Roache and another. On motion to strike out answers. Motion denied.

See, also, 155 N. Y. Supp. 1107.

R. E. & A. J. Prime, of New York City, for plaintiff.

Charles L. Craig, of New York City, for defendants Roache and Boland.

RUDD, J. [1] The plaintiff moves for an order to strike out the answers of defendants Boland and Roache in each action, because of the failure of defendant Boland to appear before a referee to be examined before trial. The order to appear was made by Justice Keogh. A motion was made to vacate the order, returnable at the Albany Special Term. That motion was denied. Upon appeal the Special Term order, denying the motion to vacate the order of Justice Keogh, was affirmed.

Defendant Boland appeared before the referee, was sworn as a witness, and, pending the determination of the appeal from the order denying the motion to vacate, an adjournment was had by the referee.

Defendant Boland thereupon went to California, and after the deter-
mination of the appeal, a day being fixed by the referee for the con-
tinuance of the hearing before him and the actual taking of testimony,
defendant Boland failed to appear.

Upon the argument before the Albany Special Term the plaintiff's
counsel stated as one supporting reason why the order requiring the
defendant to appear before the referee and be examined before trial
should not be vacated was that he was about to leave the state of New
York for good, that he was to take up his residence in the West, and
that he would not be within the jurisdiction of the court when the
trial was reached. The answer of defendant's counsel to that sugges-
tion was that Mr. Boland was not going to leave the state permanently,
that his large business interests in the West required his attention,
that he intended to go to California and to Michigan, that his inten-
tion was to return to this state, and that he would be available as a
witness upon the trial of the cause at the December term to be held
in Sullivan county.

This court is somewhat in doubt, from these conflicting statements
and allegations, as to what the real intention of the defendant Boland
is with reference to his residence. The trial of the case could not
be had at the December Trial Term in Sullivan county, because Mr.
Boland had neither been examined before the referee nor was he in
attendance upon the court.

The difficulty with the present situation, as it developed upon the
argument upon this motion, is that it appears that at the time of the
adjourned hearing, before the referee, Boland was and still is in Cali-
fornia, and that he is ill. It is stated that he was unable to return to
New York because of such illness. These facts as to his illness are
stated in affidavits, which are based upon letters which have come
from California.

The fact of the illness is not shown with that degree of positive-
ness as to make it appear that there is no doubt as to the fact; but
it appears from statements which the court can hardly ignore, and
which the court does not desire to overlook, particularly in view of
the relief which upon this motion is sought, which, if granted, would
result in the taking of judgment by the plaintiff against the defendants
by default. The defendant should appear, and, if there is the power
in the court's processes which we believe there is, he will, if he lives,
be forced to appear or to suffer the consequences.

If it clearly appeared now that Boland has refused or neglected to
appear before the referee for the purpose of securing for himself, or
for his codefendant, what advantage, if any, there might thus be real-
ized, this court would not hesitate one moment to strike out Boland's
answer at least, and if it appeared that Roache was instrumental in
using the court for the purpose of aiding Boland to thus ignore the
order of the court which stands affirmed on appeal, then possibly the
answer of Roache would also be stricken out.

It may be demonstrated upon the taking of testimony before trial,
and later upon the trial itself, that there is no merit in the plaintiff's
cause of action, and that all for which counsel representing defend-

ants has so vigorously contended is true; but the question involving the merits, the effect of determinations reached by courts in other actions and in other jurisdictions, and the whole involved situation, which is not simplified by the apparent bitterness of contention, cannot be disposed of upon the motion now made, nor could they have been settled in the previous motions upon which this Special Term has been called upon to pass.

[2] The plaintiff is entitled to examine defendant Boland before trial. If he is really ill, and is willing to appear before the referee, but cannot, because of illness, this court cannot see its way clear to punish him as for a contempt by any of the usual methods, or by the method or in the way here requested by plaintiff. If Boland is ill, we must assume he will appear before the referee when able to travel from California to Nw York. It has been stated by counsel for Boland that Boland has not left New York permanently and established a home in the West, as plaintiff's counsel stated, and it has also been stated that Boland's going to California was not to avoid obligation in connection with this litigation, but only because his business interests required him to go.

When Boland is able to come East, he must come, and he must appear before the referee so long as the order requiring him to appear is outstanding and in force. He will so appear, if he is acting in good faith. If he is not so acting, counsel for the plaintiff can ascertain that fact and act accordingly. Boland might be examined under a commission in California, if that is practicable. If it is not, the condition of his health can be established without question, and such steps can be taken as will protect all interests.

The application here made by counsel for Boland and Roache for leave to renew the motion heretofore made by the said defendants to vacate the order for the examination of the defendant Boland in actions 1 and 2 is denied, as is also the motion requiring the plaintiff to serve a reply to the affirmative defenses set forth in supplemental answers of the defendants Boland and Roache in actions 1 and 2.

The motion of plaintiff is denied without prejudice to the plaintiff to renew upon other papers, when it clearly appears that defendant Boland is intentionally refusing to recognize and obey the order of the court requiring him to appear before the referee for examination before trial.

Ordered accordingly.