ENEA SIVELLI, Respondent, v. NEW RIVER COAL COMPANY, Appellant.

ENEA SIVELLI, Respondent, v. NEW RIVER COAL COMPANY, Appellant.

First Department, July 11, 1918.

Practice — enforcement of order for examination of foreign corporation before trial — stay of proceedings — such order may not be used instead of procuring testimony by commission — service of order — default.

An order for the examination of a defendant foreign corporation, which has not been personally served as required, can be enforced only by staying the proceedings of the defendant.

An order for examination before trial may not be used to require a foreign corporation defendant, having no officer or office or place of business in this State, at its own expense, to bring its officers or employees and its records here for examination, instead of procuring the testimony and evidence by a commission.

Where a defendant foreign corporation had no knowledge of the service of an order for examination before trial upon its attorney, until after the time set for the examination, it was not in default.

APPEALS by the defendant, New River Coal Company, from two orders of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of April, 1918, and the 18th day of April, 1918, respectively.

The first order appealed from denied defendant's motion to vacate an order for its examination before trial and the second order stayed all proceedings herein on its part until it had complied with the first order.

*Henry G. Schackno* of counsel [*Oudin, Kilbreth & Schackno*, attorneys], for the appellant.

*Max M. Hirson* of counsel [*Hirson & Bertini*, attorneys], for the respondent.

LAUGHLIN, J.:

This action was brought to recover commissions aggregating $3,750 alleged to have been expressly agreed to be paid to plaintiff by defendant for procuring a buyer ready, willing and able to purchase 15,000 tons of coal from it at specified prices. The plaintiff alleges that the contract of employment

was made by defendant "through its agents and representatives" and that he performed by procuring such a buyer but that defendant neglected and refused to enter into a contract with the buyer or to perform on its part. Neither the complaint nor the affidavits sets forth the contract nor does it appear whether it was in writing. The plaintiff does not claim to have had any negotiations directly with the defendant or with any of its officers or to have been employed by it before. The plaintiff states in his affidavit that "all the transactions were had with Fred R. Rohl, President of Fred R. Rohl, Inc., which has its office at No. 1 Broadway, Borough of Manhattan, City of New York," but he does not even say that Rohl represented that he was authorized to make the contract for defendant or that he assumed so to make it or what the transaction was. The defendant is a West Virginia corporation and has an office for the transaction of its business in the city of Charleston, W. Va., and has no office and never had an office in the State of New York. The plaintiff before obtaining the order for examination in question obtained an order for the examination of defendant through said Rohl, Inc., on the theory that Rohl, Inc., was its managing agent within the purview of section 872, subdivision 7, of the Code of Civil Procedure; but that order was vacated on defendant's motion on the ground that Rohl, Inc., was not its managing agent. He then obtained the order for the examination now in question which requires the defendant to produce George H. Caperton, its president, " or any other officer " having knowledge of " the matters set forth " in plaintiff's affidavit and particularly with respect to "the powers and duties of Fred R. Rohl and Fred R. Rohl, Inc.," and their relation to defendant and to produce " their books of account and any other documents showing any and all transactions had between the plaintiff and the defendant, and the defendant and Fred R. Rohl and Fred R. Rohl, Inc." The only service of the order was on the local attorneys who appeared for defendant herein and there evidently was no expectation that personal service of the order could be made in this jurisdiction as is required (*Hall* v. *Gilman,* 87 App. Div. 248; *Campbell* v. *Bauland Co.,* 41 id. 476; *Wallace* v. *Bacon,* 143 id. 213), for so far as appears there was no effort

to make such service. It does not appear that the attorneys transmitted the order to defendant or notified it thereof; and the affidavit of its president shows that it had no notice or knowledge thereof until it received a letter from plaintiff's attorney after the time set for the examination.

Such an order which has not been personally served can be enforced only by staying the proceedings of the foreign corporation, and this court in *Wolf* v. *Union Waxed & Parchment Paper Co.* (148 App. Div. 625); *Wallace* v. *Bacon* (143 id. 214), and *Kram* v. *Jewish World Publishing Co.* (176 id. 841) stated the consideration by which the court should be governed in deciding whether such an order, or an order for inspection of books, should be vacated or permitted to stand and the proceedings of the party required to be examined or with respect to whose books an inspection is ordered so stayed; and it is not necessary to restate them. In the case at bar it is perfectly plain that the order was obtained as a substitute for the procedure required by the Code of Civil Procedure for obtaining testimony and evidence without the State; and it is equally clear that the Legislature did not intend that an order for examination before trial might be used to require a foreign corporation defendant in an action, having no officer or office or place of business here, at its own expense to bring its officers or employees and its records here for examination instead of procuring the testimony and evidence by commission. There was and could have been no expectation that personal service of the order could be made within this jurisdiction. The defendant was not in default when it made the motion.

The orders should, therefore, be reversed, with ten dollars costs and disbursements on each appeal, and the motion to vacate the order for the examination of the defendant granted, with ten dollars costs, and plaintiff's motion for a stay of defendant's proceedings denied, with ten dollars costs.

DOWLING, SMITH, PAGE and MERRELL, JJ., concurred.

Orders reversed, with ten dollars costs and disbursements, and motion to vacate the order for examination of defendant granted, with ten dollars costs, and plaintiff's motion for a stay of defendant's proceedings denied, with ten dollars costs.