DAVID MAYER BREWING COMPANY, Respondent, v. MATHEWS GRAVITY CARRIER COMPANY, Appellant.— Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The plaintiff did not show, as required by section 636 of the Code of Civil Procedure, that it was entitled to recover the sum stated in its affidavit over and above all counterclaims known to it. The limit of plaintiff's recovery is the difference between the cost of another conveyor and the contract price. The amount claimed is the cost of another conveyor, and not the difference between that amount and the contract price. Jenks, P. J., Thomas, Rich, Blackmar and Jaycox, JJ., concurred.

HENRY EILERMAN, Respondent, v. WILLARD MACK, Appellant, and PAULINE FREDERICKS, Defendant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Thomas, Rich, Blackmar and Jaycox, JJ.

HYMAN EPSTEIN, Respondent, v. JOHN CONNOR and Others, Appellants.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Thomas, Rich, Blackmar and Jaycox, JJ.

GEORGE FENEIS, Respondent, v. ISAAC P. LEWIN, Appellant.— Judgment and order reversed and new trial granted, costs to abide the event, upon authority of Feneis v. Lewin (185 App. Div. 41), decided herewith. Mills, Putnam, Blackmar, Kelly and Jaycox, JJ., concurred.

HARRY HOLLAND, Respondent, v. COLONIAL MANTEL AND REFRIGERATOR COMPANY, Appellant.— Judgment and order of the County Court of Kings county unanimously affirmed, with costs. No opinion. Present — Mills, Putnam, Blackmar, Kelly and Jaycox, JJ.

IDA JACOB, Respondent, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.— Order appealed from reversed, with ten dollars costs and disbursements. Defendant's motion to vacate order for its examination before trial granted, with ten dollars costs. The order was not served on defendant or any officer thereof. Such an order requiring a foreign corporation defendant by its officers to appear and produce here its records and papers is invalid upon service only on defendant's local attorney. (Sivelli v. New River Coal Co., 184 App. Div. 62; Kram v. Jewish World Publishing Co., 176 id. 840.) Jenks, P. J., Putnam, Blackmar, Kelly and Jaycox, JJ., concurred.