THE E. RICHARD MEINIG COMPANY, Respondent, *v.* UNITED
STATES FASTENER COMPANY, Appellant.

First Department, December 17, 1920.

**Depositions — examination of foreign corporation before trial in
order to establish defense — when non-resident may be examined
before trial.**

Where a defendant corporation maintaining a sales agency in this State sues
a foreign corporation, which has no office or place ·of business here, to
recover for a breach of contract and the defense is that the contract was
waived and rescinded by mutual consent through the officers of the parties,
the court in its discretion may order an examination of the plaintiff through
its president before trial in order that the defendant may obtain evidence
to establish its defense, if the office of the plaintiff is not so far distant
that there will be any serious inconvenience or hardship in requiring it
to submit to the examination, even though it be probable that the only
manner by which compliance therewith may be enforced is by staying
the plaintiff's proceedings in the action.
Circumstances under which a non-resident may be examined before trial
stated.

APPEAL by the defendant, United States Fastener Company,
from an order of the Supreme Court, made at the New York
Special Term and entered in the office of the clerk of the county
of New York on the 20th day of November, 1920, vacating
an order for the examination of the plaintiff, through its
president, before trial.

*James J. Allen* of counsel [*Decker & Allen,* attorneys], for
the appellant.

*Charles Thaddeus Terry* of counsel [*Merrill, Rogers & Terry,*
attorneys], for the respondent.

LAUGHLIN, J.:

The plaintiff is a corporation incorporated and existing
under the laws of Pennsylvania and having its office and place
of business at Reading in that State and no office or place of
business in the State of New York. The defendant is also a
foreign corporation incorporated under the laws of the State
of Maine but it maintains a sales agency in New York city

for the purpose of conducting its business there. The action is to recover $175,000 damages for the alleged breach of a contract. The defense is that the contract was by mutual consent waived, abandoned and rescinded by negotiations between the defendant's president and managing agent and the president of the plaintiff and one Turner acting in its behalf. The examination is desired for the purpose of proving the defense of rescission and the authority of said Turner to act for the plaintiff in the negotiations which it is claimed resulted in the rescission of the contract and to prove a counter-claim for $20,000 interposed by the defendant for goods alleged to have been sold and delivered to the plaintiff. The allegations of the counterclaim are put in issue by the reply.

The opinion delivered at Special Term shows that the order for the examination was vacated on the ground that defendant had no reason to believe that the officer of the plaintiff, whose examination is sought, would come or be within the jurisdiction of the court so that the order could be personally served, as is necessary, and that the order was obtained for the ulterior purpose of moving to stay plaintiff's proceedings in the action until it submits to the examination. It is, therefore, argued that the order was obtained in bad faith. That the court may vacate such an order on that ground is well established and ordinarily when a non-resident or a foreign corporation is *sued here*, and there is no reason to believe that he or an officer of the foreign corporation may be found here, the plaintiff will not be permitted to use the order to coerce the defendant into submitting to an examination here or into bringing the books or papers within the jurisdiction of the court, and the plaintiff in such case will ordinarily be left to his remedy to obtain evidence by commission. (*Sivelli* v. *New River Coal Co.*, 184 App. Div. 62; *Wallace* v. *Bacon*, 143 id. 211; *Jacob* v. *Prudential Insurance Co.*, 186 id. 908; *Kram* v. *Jewish World Publishing Co.*, 176 id. 840; *Bluthenthal & Bickart, Inc.*, v. *Crowley, No. 2*, 138 id. 845.) But where a non-resident or a foreign corporation, as the plaintiff in this action, invokes the jurisdiction of our courts, it is a matter resting in the sound judicial discretion of the court depending on the facts and circumstances of each case whether the plaintiff should be required to submit to an examination here before trial, and, in the event

that the order cannot be served personally so that it may be directly enforced by contempt proceedings, whether the plaintiff's proceedings in the action should be stayed until he or it submits to the examination, and where this would be a serious hardship to the plaintiff, as where it would require the plaintiff or an officer of a foreign corporation to travel a great distance or come from a distant point and bring books and records essential to make the examination effective, it is proper to vacate the order, but otherwise such an order should not be vacated. (*Gilroy* v. *Interborough-Metropolitan Co.,* 120 App. Div. 883; *Wolf* v. *Union Waxed & Parchment Paper Co.,* 148 id. 623. See, also, *Farmers' National Bank* v. *Underwood,* 90 Hun, 342; 6 App. Div. 373; *Campbell* v. *Bauland Co.,* 41 id. 474.) Where the order is for the examination of a non-resident plaintiff and the ends of justice require that course, doubtless the court, on a motion to vacate it, might give the plaintiff the privilege of submitting to an open commission and paying the expenses, including counsel fees, incurred by the defendant incidental to having the examination in a foreign jurisdiction. Where, however, the residence of the plaintiff, if an individual, or if a foreign corporation its office, is not so far distant that there will be any serious inconvenience or hardship in requiring submission to such an examination before trial, a motion to vacate such an order should be denied, even though it be probable that the only manner by which compliance therewith may be enforced is by staying plaintiff's proceedings in the action. Such, we think, is the case at bar. It sufficiently appears that the object of the defendant in obtaining the order for the examination was to obtain in good faith evidence for use on the trial and not to make a basis for staying plaintiff's proceedings in the action. The order as granted is not unduly burdensome on the plaintiff. It only requires the production of its records so far as material to the issues presented by the defense and counterclaim.

It follows that the order should be reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, MERRELL and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs and disbursements; the date for the examination to proceed to be fixed in the order. Settle order on notice.