JULIUS WEINBERG, Respondent, v. BERKSHIRE ICE COMPANY, INC., Appellant.

Second Department, April 15, 1921.

Depositions — examination before trial of foreign corporation doing business in this State — examination proper where plaintiff cannot make bill of particulars otherwise — objection to service of order not ground for vacating.

A foreign corporation duly authorized to and engaged in business in this State is subject to examination before trial, under section 870 of the Code of Civil Procedure, in an action against it on a contract made within this State.

And it was proper for the court to order an examination where it appeared that the defendant made application for a further bill of particulars, and that the plaintiff was unable to furnish the same without an examination of the defendant and its books of account.

Objection to service on the attorney for the defendant is not a ground for vacating the order.

APPEAL by the defendant, Berkshire Ice Company, Inc., from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 7th day of March, 1921, denying its motion to vacate an order for the examination of the defendant before trial.

*William A. Davidson,* for the appellant.

*Charles F. Dalton,* for the respondent.

PER CURIAM:

The answer of the defendant foreign corporation admits the allegation in the complaint that it is engaged in business in this State, and in its counterclaim it alleges that it is duly authorized to do business in the State of New York. It is also admitted that the contract upon which the action is based was made at Port Chester in the State of New York, and the contract is to be performed within this State. Under these circumstances the doctrine of *Sivelli* v. *New River Coal Co.* (184 App. Div. 62); *Hall* v. *Gilman* (87 id. 248) and *Jacob* v. *Prudential Insurance Co.* (186 id. 908), cited by appellant, is not applicable. The defendant transacting business here is subject to examination under the Code of Civil Procedure (§ 870 *et seq.*), as in the case of a domestic corporation. (*German-American Coffee Co.* v. *Diehl,* 216 N. Y. 57; *Bluthenthal & Bickart, Inc.,* v. *Crowley, No. 2,* 138 App. Div. 845.) In addition to this, the defendant having applied upon the affidavit of its attorney for an order for a bill of particulars and such bill of particulars having been served by plaintiff, made a second application upon a similar affidavit for a further bill of particulars which plaintiff averred he was unable to furnish without an examination of defendant and its books of account. Defendant insisting upon such further particulars, the court granted the order, but at the same time made the order for defendant's examination which it seeks to vacate. It would be unjust to grant the demand of the defendant foreign corporation and then refuse to plaintiff the means of compliance. The question of the sufficiency of the service of the order upon the attorney for defendant is not now before us. The objection to the service is not a ground for vacating the order.

The order should be affirmed, with ten dollars costs and disbursements.

JENKS, P. J., MILLS, PUTNAM, BLACKMAR and KELLY, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.