NATHAN PROBST, JR., Respondent, v. ISAAK FRENKEL, Appellant.

First Department, April 6, 1934.

*Gerson C. Young* of counsel [*Telsey & Young*, attorneys], for the appellant.

*Nathan Probst, Jr.*, respondent in person.

O'MALLEY, J. The defendant resides in Paris, France. He was served with the summons on April 25, 1933, while on a visit to New York city. Shortly thereafter he returned to France. That defendant is a non-resident is clearly established. The plaintiff secured a warrant of attachment predicated upon such non-residence.

The order directed the defendant to appear for examination

on March 5, 1934. The action is at law and was noticed for the October, 1933, term. In the ordinary course it will not be reached for trial for about two years. The question presented is whether in these circumstances the defendant should be required at this time to come to New York for the examination.

No decision of any appellate court has been called to our attention which has required a defendant, resident of a foreign country, not seeking the favor of the court, by affirmative action, counterclaim or otherwise, and as to whom no probability of presence here at any stated time is shown, to submit himself for examination in this jurisdiction. Even in cases of residents of other States, the courts have taken cognizance of probable hardships attendant upon requiring a party to attend here for examination, and where such is shown, have left the party seeking the examination to remedy by way of interrogatories or open commission. (*Sivelli* v. *New River Coal Co.*, 184 App. Div. 62; *Meinig Co.* v. *United States Fastener Co.*, 194 id. 397, 398.) Here, evidence of hardship is obvious. The defendant by the order will be required to leave his home and business and to proceed here with his books and papers at his own expense.

We are of opinion, upon the record before us, that the order was unwarranted. The plaintiff has shown nothing to indicate that he will be prejudiced by an examination at a later time. The defendant seems willing to submit to an examination shortly before trial. His position is reasonable and fair. The order should be modified to provide that the defendant shall be given notice when the case is reached upon the reserve calendar and required to attend for an examination at least thirty days prior to the date when the case is actually set for trial. Application should be made to the trial justice to fix a date for trial which will allow sufficient time for compliance with the provisions of this order. This is without prejudice to an application by the plaintiff meanwhile to take the testimony by deposition or open commission in lieu of such examination.

It follows that the order should be modified as herein indicated, and as so modified affirmed, with twenty dollars costs and disbursements to the appellant.

FINCH, P. J., MERRELL, MARTIN and UNTERMYER, JJ., concur.

Order modified as indicated in opinion and as so modified affirmed, with twenty dollars costs and disbursements to the appellant. Settle order on notice.