LIBBIE SCHARF, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Respondent.— Action to recover upon an accident policy. Judgment dismissing complaint at the close of the plaintiff's case, and order denying motion to set aside the dismissal and for a new trial, reversed on the law and a new trial granted, costs to the appellant to abide the event. The receipt acknowledged the payment of the sum of nine dollars and ninety cents " to cover premium," etc. It was stipulated that the agent of the company was authorized to receive payment and sign the receipt. A question of fact was presented whether the company extended credit for the amount of the premium unpaid for the period for which the policy is alleged to have been extended and during which the insured died. Lazansky, P. J., Davis, Adel and Taylor, JJ., concur; Carswell, J., dissents and votes to affirm.

SADIE SHIER and LOUIS SHIER, Respondents, v. PRESIDENT LAND CO., INC., Appellant.— Order adjudging the defendant in contempt, striking out its answer and awarding judgment to the plaintiffs as upon a default in pleading, reversed on the law, without costs, and plaintiffs' motion for such relief denied, without costs, upon condition that within five days from the entry of the order hereon the appellant pay $100 to the respondents, or to their attorneys, and stipulate that Louis I. Elson, the manager of the apartment house in which plaintiff Sadie Shier is alleged to have been injured, shall submit to an examination before trial on defendant's behalf at a time and place to be fixed in the order. In the event of appellant's failure to comply with the foregoing conditions, the order appealed from is affirmed, with ten dollars costs and disbursements. All of defendant's officers have been or are in Palestine. The court assumes that there was no willful default, although there was delinquency in the omission of one of its officers to attend on the examination before trial. (See Feingold v. Walworth Bros., Inc., 238 N. Y. 446; People v. Henriques & Co., 267 id. 398; Flynn v. Roache, 93 Misc. 284; Likay v. Gottesman, No. 1, 235 App. Div. 820; S. C., Id. 858.) Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ., concur. Settle order on notice.

HARRY G. SILVERSTEIN, Appellant, v. HARRY W. PERLMAN, Respondent.— Order granting defendant's motion to examine a witness before trial reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. It will be necessary for the plaintiff to call this witness on the trial. The proposed examination by the defendant is merely a cross-examination before trial. No special circumstances are shown which would warrant the granting of the examination. Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ., concur.

JOSEPH SIMPSON, Respondent, v. JOHNSON, DRAKE & PIPER, INC., and Another, Defendants, and MANITOWAC SHIPBUILDING CORPORATION, Appellant.— Order granting plaintiff's motion to examine defendant Manitowac Shipbuilding Corporation before trial affirmed, with ten dollars costs and disbursements. (Weinberg v. Berkshire Ice Co., Inc., 196 App. Div. 364.) The examination may proceed on five days' notice. Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ., concur.