KNICKERBOCKER FORTY-SECOND STREET COMPANY, INC. (in Dissolution), Suing on Behalf of Itself and All Other Creditors of MORRIS LITTMANN, Deceased, Late of the County of New York, Who Shall Come in and Be Made Parties Hereto and Contribute to the Expense of This Action, Appellant, *v.* BESSIE LITTMANN and Others, Respondents, Impleaded with NEW YORK LIFE INSURANCE COMPANY and Others, Defendants.

First Department, January 25, 1937.

*Edward Q. Carr* of counsel [*J. M. Richardson Lyeth, John P. Allee* and *Joseph Fishbein* with him on the brief; *Max Frank,* attorney], for the appellant.

*Lester D. Melzer* of counsel [*McManus, Ernst & Ernst* and *John J. Foley* with him on the brief; *H. Russell Winokur,* attorney], for the respondents Bessie Littmann, individually and as administratrix, Lewis Littmann and Charles Littmann.

*David J. Maxwell* of counsel [*House, Grossman, Vorhaus & Hemley,* attorneys], for the respondent The Union Central Life Insurance Company of Cincinnati, Ohio.

PER CURIAM. The examination should have been granted as to the defendants Equitable Life Assurance Society of the United States, John Hancock Mutual Life Insurance Company and the Chase National Bank of the City of New York. It was proper to deny the motion with respect to the defendant Union Central Life Insurance Company of Cincinnati, Ohio, which opposed the motion. (See *Probst* v. *Frenkel,* 240 App. Div. 504.) We are of opinion that it was also proper at this time to deny the motion with respect to the examination of witnesses.

The examination of the defendants Littmann and as to the corporate defendants first named should have been granted in the following respects: Items 2, 4, 6, 7 and 11. Item 5, except the words " with the intent and purpose of hindering, delaying and defrauding his creditors and this plaintiff in particular." Item 9, except the words " were fraudulent as against this plaintiff and other similarly situated creditors of the said Morris Littmann," and all of item 10 down to and including " retained * * * such sums of money." The books, records and papers should also be produced by the defendants to be used under the rule of *Zeltner* v. *Fidelity & Deposit Company of Maryland* (220 App. Div. 21).

The order appealed from, therefore, is reversed, with twenty dollars costs and disbursements to the appellant, and the motion granted to the extent indicated, but without prejudice to an application by plaintiff to take the testimony of the Union Central Life Insurance Company of Cincinnati, Ohio, pursuant to the provisions of sections 294 and 302 of the Civil Practice Act, and to examine the numerous witnesses named in the notice of motion upon papers that will specify the particular matters upon which each witness is sought to be examined and special circumstances justifying such examination.

Present — MARTIN, P. J., McAVOY, O'MALLEY, GLENNON and UNTERMYER, JJ.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted to extent indicated, without prejudice as stated in opinion. Settle order on notice.