DONALD F. DUNCAN, Plaintiff, *v.* JOSEPH H. JACOBSON et al., Doing Business as Jos. H. JACOBSON & SONS, et al., Defendants.

Supreme Court, Special Term, New York County, September 10, 1946.

*R. J. Asche* for Hanover Fire Insurance Co., defendant.

*Sidney J. Loeb* for Joseph H. Jacobson and others, doing business as Jos. H. Jacobson & Sons, defendants.

*Joseph Haskell* for plaintiff.

PECORA, J. Motion to examine plaintiff before trial is granted. Plaintiff urges that since he is a resident of the State of Illinois, the examination if granted should be upon written interrogatories. It is true that courts have taken into consideration the probable hardship in requiring a nonresident to come to this State for examination, and have in such cases relegated the party asking for the examination to the remedy of taking the deposition by written interrogatories (see *Probst* v. *Frenkel*, 240 App. Div. 504). This is particularly true where the party sought to be examined is a defendant and has not asked affirmative action in his favor. The cases of *Berwin* v. *Newman* (267 App. Div. 815), *Wiesenberg* v. *Koster* (167 Misc. 852, affd. 254 App. Div. 661), *Knickerbocker 42nd St. Co., Inc.,* v. *Littmann* (249 App. Div. 502) and *Fitzgerald* v. *Fitzgerald* (262 App. Div. 708), cited by plaintiff, all involved proposed examinations of a defendant. Here, however, the nonresident is the plaintiff, who has sought out this jurisdiction to bring the action. Apart from nonresidence plaintiff does not show any hardship. It does not appear that he does not come to this State for business purposes, or that he will not be here for preparation for trial. Defendant insurance company has indicated its willingness to make every reasonable arrangement to conduct the examination. No specific date will be fixed for the examination, but it will be required that it be conducted at least thirty days before the trial of this action. The attorneys may make their own agreement as to a convenient date. Relevant and material books, papers and records are to be produced upon the examination for use pursuant to section 296 of the Civil Practice Act.