Milton M. Wecht, J.
In this action brought by plaintiff, a member of an admitted joint venture, against defendant partnership for an accounting of the income and expenditures of the joint venture and for the recovery of an additional amount in the sum of $2,500 allegedly due plaintiff pursuant to the written terms of the venture agreement, plaintiff moves for an examination before trial of the defendant partnership and for an enlargement of his time to serve a bill of particulars until after the examination has been concluded.
The assets of the joint venture, and their disposition, having been exclusively under the control and direction of the defendant partnership, the necessity for allowing an examination under the circumstances is obvious. Defendants’ objections to the examination pertain principally to the generality of its scope, the proper person to be examined, the place, and a request that plaintiff pay defendants’ expenses in connection therewith.
It is not “necessary to detail all the various items of the examination when the general matter specified in rule 121-a of the Rules of Civil Practice will suffice.” (Battaglia v. New York City Tr. Auth., 2 A D 2d 985, 986.) The rule provides that the examination shall be 1 ‘ with respect to the relevant and material allegations of fact put in issue by the pleadings in the action.”
*903 Upon the affirmative finding by the court that the plaintiff is entitled to the examination of the defendants, the parties have conceded that the person to be examined on behalf of the defendant partnership should be the male member thereof rather than both partners.
The plaintiff has acceded to defendants’ request that the examination be held in Milwaukee, Wisconsin, where the defendants reside.
The defendant to be examined shall produce upon the examination the records relating to the matters in controversy for all relevant purposes pursuant to section 296 of the Civil Practice Act.
There is a sufficient showing herein warranting an examination under an open commission rather than by written interrogatories, as it will provide more adequately for substantial justice between the parties and for the better protection of their rights. This is particularly so in view of the fact that the nature of the testimony to be brought out from the defendant to be examined, as an adverse party in interest, cannot possibly be anticipated. (See Pinkowitz v. California Packing Corp., 126 N. Y. S. 2d 783; 5 Carmody-Wait, New York Practice, § 122, p. 587; Parker v. Lythgoe, 13 N. Y. S. 949.)
Defendants seek an order requiring plaintiff to pay plane and hotel expenses to be incurred by defendants’ attorney in attending the examination in Milwaukee and, in addition thereto, a reasonable per diem fee. In view of defendants’ admission that they have counsel in Milwaukee, apparently participating in the defense of this action, and that it was not improbable that defendants would have been required to submit to the examination before trial in this State, it is the court’s opinion that, under the circumstances here existing, to compel plaintiff to sustain defendants’ expenses would be considered an improvident exercise of discretion.
Each party shall bear his own expenses (Rasmussen v. New York Cent. R. R. Co., 275 App. Div. 957). The “ necessary disbursements of the attorneys for both sides in attending upon the examination shall be paid by their respective clients. The party ultimately successful in the action may tax such payments as a disbursement.” (Fitzgerald v. Fitzgerald, 262 App. Div. 708.) As proposed by the plaintiff, the expenses for the stenographer and the commissioner shall be borne by him.
There being no objection by the defendants, the court will designate as commissioner the individual recommended by the plaintiff in the reply affidavit.
*904 The bill of particulars, having as its purpose the limitation of the issues raised by the pleadings, should be served at this time, prior to conducting the examination before trial. The function of an examination before trial is to adduce the evidence necessary to prove the allegations of the complaint as confined by the bill of particulars. Consequently, it has been held that ‘ ‘ Until the bill of particulars has been served, the relevancy or materiality of the evidence to the issues cannot be determined. ’ ’ (Zecchini v. Mayer, 195 App. Div. 423, 425; Weisinger v. Berfond, 7 A D 2d 1025.)
Plaintiff should include in his bill of particulars at this time particulars as to items 1, 2, 4(a) and 4(b) of the demand. As to the remaining items, since the defendants undertook the management and control of the affairs of the joint venture, it is probable that the plaintiff may not be in possession of all the facts required to be furnished. In that case, plaintiff may state under oath lack of the requested information and as to such matters serve a supplemental bill of particulars within 20 days after the examination before trial has been concluded. In the meanwhile plaintiff must serve a bill of particulars within 20 days after entry of the order herein and, until it is served, the examination before trial is stayed.
Settle order on notice in accordance herewith.