Per Curiam.

The examination of the plaintiff before trial was conditioned on the defendant corporation appearing here from Miami, Florida, for its examination and producing its books and records. Since defendant was brought into this action involuntarily and was a foreign corporation resident at a great distance from this city, with no officer or employee available here, the granting of the conditional examination was an improvident exercise of discretion. In the circumstances, the examination of the plaintiff should have been granted unconditionally and the examination of the defendant should have been deferred to a date more proximate to the trial or directed defend *770 ant’s examination be taken by deposition (Probst v. Frenkel, 240 App. Div. 504; Wiesenberg v. Koster, 167 Misc. 852, affd. 254 App. Div. 661; Kraushaar v. Gross, 270 App. Div. 953; Honig v. Edlill Realty Corp., 282 App. Div. 796; Meinig v. United States Fastener Co., 194 App. Div. 397).
The order should be modified, with $10 costs to defendant, to the extent of striking therefrom the condition requiring defendant to appear for the examination at the date stated, and otherwise affirmed. The examination of plaintiff shall proceed at Special Term, Part II, of the Central Municipal Court, at the courthouse, 8 Eeade Street, Manhattan, New York City, on October 29,1959 at 10:00 a.m. The defendant, by its officer having knowledge of the subject matter of the inquiry, is directed to appear for examination on November 12, 1959 at 10:00 a.m. at the courthouse aforestated and produce all books, records and papers relevant to the subject matter of the inquiry for use pursuant to section 296 of the Civil Practice Act.
Concur — Hoestadter, J. P., Aurelio and Tilzer, JJ.
Order modified, etc.