S. Samuel Di Falco, S.
Testator died on August 19, 1960, His will dated June 10,1957 was admitted to probate in January, 1961 and letters testamentary issued to the three persons nominated as executors.
Decedent’s two daughters have filed objections to the probate of the codicil dated June 6, 1960 which increases the share of decedent’s surviving spouse and thereby reduces their interest in the estate. Decedent’s surviving spouse served a notice for the examination before trial of both contestants with respect to the relevant and material allegations of fact put in issue by the pleadings. Contestants moved to vacate or modify the notice.
Contestant Connie-Lee Schrager who resides in California states that it would be an undue hardship for her to appear for examination here at this time and requests that her examination be deferred to a date close to the trial or be taken by a closed or open commission. The contested proceeding has not been noticed for trial. The request is granted and this contestant is directed to appear for examination in this county three weeks before the date set for trial (Probst v. Frenkel, 240 App. Div. 504; Droogas v. Droogas, 1 A D 2d 965; Harris v. Muriel Sportswear, 19 Misc 2d 769; Matter of Kirchick, N. Y. L. J., Oct. 3, 1955, p. 13, col. 1). If the surviving spouse desires the examination before that time, she may procure it by a deposition or open commission. If the latter be used, the expense thereof shall be paid by the surviving spouse subject to its being taxed as a disbursement if she is successful at the trial.
Contestant Barbara Antoinette Bockmore moved that her examination be deferred because of her delicate condition and held not prior to the examinations requested in her motion *1019 papers. Determination of the question of priority will be made in connection with the discussion of the examination before trial of the surviving spouse requested by the contestants.
They have moved for the examination before trial of two of the executors and the surviving spouse as adverse parties, and of two doctors, a nurse, the draftsman of the codicil who is also a subscribing witness thereto, another subscribing witness, a friend of the decedent and the hospital where decedent was a patient during his final illness, as witnesses. There being no objection by their attorneys, the examination of the two executors is directed. Executor Friedlander having represented to the court that the records that he has been requested to produce upon his examination are no longer in his possession, that demand of the contestants is denied. The surviving spouse states in a memorandum that as she is a resident of California, her examination should also be deferred until a date close to the trial and that her right of priority by virture of having served her notice for the examination before trial of the contestants before they moved for her examination should be preserved. Her request for a deferment is granted, and her right of priority upheld. The court directs that the contestants be examined prior to the surviving spouse. She will, therefore, appear for examination in this county two weeks before the date of trial.
That part of the motions seeking the examination of witnesses is granted to the extent only of directing the examinations of Dr. Dana W. Atchley; Dr. Carmine T. Yicale; S. Alexander, B. N.; Jean Taylor Jackson Scully and the Presbyterian Hospital. The examinations of the physicians, nurses and hospital records shall be conducted in accordance with the provisions contained in section 354 of the Civil Practice Act. The further examination of Jean Taylor Jackson Scully must not be an undue duplication of her examination under section 141 of the Surrogate’s Court Act. Sufficient special circumstances are not shown to warrant the examination of the other two persons as witnesses.