Harry Gr. Herman, S.
Each of the five items of relief sought by the proponent are determined as follows:
The application for an adjournment of the examination of the proponent is granted. A new date therefore will be fixed in the order to be settled herein.
*795 The application to quash in part the notice of examination of the proponent is granted as requested. The contestant is entitled to examine the proponent with respect to the relevant and material allegations of fact put in issue by the pleadings. The only-issues raised by the pleadings are (1) that the instrument was not freely executed due to fraud and undue influence; (2) that the decedent was on February 4, 1957, not competent to make a will. It is a well-established rule of law that any material allegation of the petition not controverted by the objections (answer) is deemed admitted. (Civ. Prac. Act, § 243.) The materiality of the documents requested as to prior marriages, divorce, change of name and birth certificates has not been shown to the satisfaction of the court. If the contestant is raising a question as to the status of the proponent such is unrelated to the issues now before the court. (Matter of Gongwer, 29 Misc 2d 122.)
The application to appoint an official to preside over the examination is denied at this time as the court is not convinced that such action is necessary.
The proponent seeks in this application to examine the contestant within this State. As the contestant is a resident of the State of California such an application is directed to the discretion of the court. (Meinig Co. v. United States Fastener Co., 194 App. Div. 397; Probst v. Frenkel, 240 App. Div. 504.) The court is cognizant of the fact that such an examination can be taken as well by interrogatories or open commission. However, these alternate methods are generally not as desirable and are more costly. The court is impressed with the manner by which a similar problem was handled by the Surrogate in Matter of Arnstein (132 Misc 2d 1017). Taking all the relevant factors into consideration, the request of the proponent to examine the contestant within this jurisdiction is granted. However, the contestant will be directed to appear for said examination at a place to be fixed in the order two weeks before the date set for trial. (Matter of Arnstein, supra; Harris v. Muriel Sportswear, 19 Misc 2d 769.) Should the proponent desire to obtain the said examination earlier, she may proceed by deposition or open commission, the expenses for which will be paid by the proponent, to be taxed by her thereafter as a disbursement should she be successful at trial. The contestant is further directed to produce at the time and place of her examination those documents requested by the moving papers that are within her possession and material to the issues before the court.
The court within its discretion directs the contestant to file security for costs in the sum of $750.