Matthew M. Levy, J.
The defendant is a Swedish hanking corporation. It has no officers, directors, agents or employees in this country. This action was commenced by attachment of the defendant’s funds in this city. The complaint alleges two causes of action, one in tort and one in contract on a guaranty. The defendant’s answer consists of a general denial and an affirmative defense that the alleged guaranty was conditional and had never become effective.
Some time ago, the plaintiff sought by way of notice to examine the defendant before trial in New York County, where the action is pending. The defendant moved to vacate the notice. The court granted the motion, indicating that the pretrial examination here should be deferred to a date more proximate to the trial and that the plaintiff might, if he wished, proceed by way of written interrogatories.
Asserting that the use of interrogatories is inadequate for his purposes in the prosecution of this action, and the trial of the cause being imminent, the plaintiff now seeks, by way of notice of motion, to require the defendant to appear here so that it may be examined by the plaintiff before the trial. The defendant is still unwilling to submit to such examination in this city and asserts that it does not intend to have any of its personnel here to testify at the trial.
Both parties rely upon Probst v. Frenkel (240 App. Div. 504). The defendant quotes the following from page 505: “ No decision *825 of any appellate court has been called to our attention which has required a defendant, resident of a foreign country, not seeking the favor of the court, by affirmative action, counterclaim or otherwise, and as to whom no probability of presence here at any stated time is shown, to submit himself for examination in this jurisdiction. Even in cases of residents of other States, the courts have taken cognizance of probable hardships attendant upon requiring a party to attend here for examination, and where such is shown, have left the party seeking the examination to remedy by way of interrogatories or open commission. (Sivelli v. New River Coal Co., 184 App. Div. 62; Meinig Co. v. United States Fastener Co., 194 id. 397, 398.) Here, evidence of hardship is obvious. The defendant by the order will be required to leave his home and business and to proceed here with his books and papers at his own expense.”
But, as the plaintiff correctly points out, it was also stated in Probst (240 App. Div. 504, 505) that: “ The plaintiff has shown nothing to indicate that he will be prejudiced by an examination at a later time. The defendant seems willing to submit to an examination shortly before trial. His position is reasonable and fair. The order should be modified to provide that the defendant shall be given notice when the case is reached upon the reserve calendar and required to attend for an examination at least thirty days prior to the date when the case is actually set for trial. Application should be made to the trial justice to fix a date for trial which will allow sufficient time for compliance with the provisions of this order. This is without prejudice to an application by the plaintiff meanwhile to take the testimony by deposition or open commission in lieu of such examination.”
The other cases relied upon by the defendant (Fitzgerald v. Fitzgerald, 262 App. Div. 708; Rochester v. Bergen, 263 App. Div. 733; Kraushaar v. Gross, 270 App. Div. 953; Berwin v. Newman, 267 App. Div. 815; Harris v. Muriel Sportswear, 19 Misc 2d 769) are similarly not in point, because they involved the examination of plaintiffs, and, otherwise, in each instance the court permitted examination by open or closed commission out of the State, or deferred the holding of the examination in this State until immediately prior to the trial date or permitted renewal of the application for examination within the State in the event the witness became available within the State — and that is not the issue now before me for disposition.
Nor do the cases relied upon by the plaintiff resolve the matter (Nederlandsche Petroleum en Asphalt Maatschappij v. Interocean Oil Co., 208 App. Div. 107; Berger v. Van Doorn, 57 N. Y. S. 2d 434; Wallace v. Bacon, 143 App. Div. 211; Drews *826 v. Spencer, 274 App. Div. 802; Honig v. Edlill Realty Co., 282 App. Div. 796; Hamburg v. Gronik, 19 Misc 2d 901), because they involved either the appearance for examination of plaintiffs or defendants who sought affirmative relief in the actions, or situations where the nonresident defendants resided in fairly close proximity to New York, or where the issue was as to whether the examination should be had in a distant sister State by open commission rather than by written interrogatories (and, if the former, at whose expense for counsel), or as to whether the court had power to order an oral examination of one who resides out of the State. And, indeed, with respect to one of these cases, the court held that under the circumstances there disclosed, it would be “an unreasonable hardship and unnecessary expense to the defendants to produce him [the corporate defendant’s officer, residing in Florida] personally for examination in Sullivan County” (Honig v. Edlill Realty Co., supra, p. 796).
That the court has the power to direct a foreign party (even though he be a defendant) to appear here and submit to an examination before trial is not the present problem. (Schoen v. Morgan Trucking Co., 13 A D 2d 622.) The sole issue is one of the appropriate exercise of sound discretion. With that in mind, I have resolved that the controlling facts on the application now before me are that the plaintiff seeks the pretrial examination of a foreign corporation not doing business in this State, which has no officers, directors, agents or employees in this State, which was involuntarily made a defendant in this action by means of the attachment of the defendant’s funds, which seeks no affirmative relief in the suit, which is unwilling to have its representatives appear or submit to examination here, and which represents that it does not intend to have any of them testify upon the trial itself.
I cannot find, in accordance with the plaintiff’s contention, that there was a stipulation that the defendant would submit to an examination in New York or that there was a representation to the court, when the matter first arose, that the defendant would have its foreign witnesses available at the trial. I have said in another connection — and I reiterate here — that whether any party desires to proceed to the trial of a cause without ‘1 live witnesses ” is for the party himself to decide (cf. Wennerholm v. Thiberg, 206 Misc. 755, 756).
In the circumstances, it would, I think, be an abuse of discretion and not in the interests of justice to compel the instant defendant, at its expense, to appear in New York for an examination before trial.
*827 Accordingly, this application is denied. But such denial is with the proviso that, if any officer, director, agent or employee of the defendant does come to this country before or at the time of the trial (whether to testify or not), then, in such event, the plaintiff be afforded a pretrial examination. The plaintiff may also proceed by way of written interrogatories or of open commission in Sweden.