■ Viliam Kolar, Appellant, v. Isidor Rusiecki, Respondent.—In an action for an accounting with respect to an alleged partnership, plaintiff appeals from an order of the Supreme Court, Queens County, dated March 29, 1960, which granted defendant's motion to strike the action from the trial calendar by reason of plaintiff's failure to comply with the Special Rule of this court pertaining to the filing of a statement of readiness, in that plaintiff defaulted in appearing for examination before trial pursuant to notice served by defendant. Order reversed, in the exercise of discretion, without costs; action directed to be restored to the calendar; and motion denied on condition that, at least ten days prior to the trial of the action, plaintiff shall appear at Special Term, Part II, of the Supreme Court, Queens County, and shall submit to examination before trial by defendant with respect to the relevant and material allegations of fact put in issue by the pleadings; and on the further condition that, at least five days prior to such appearance, plaintiff shall give defendant written notice specifying the date and hour on which he will appear for the examination.

In the event plaintiff fails to give such notice or fails to submit to such examination, the motion is granted and the action is directed to be removed from the trial calendar. The order affects a substantial right; hence, it is appealable (*Roy* v. *Kingshead Corp.*, 5 A D 2d 872; Civ. Prac. Act, § 609, subd. 4). We are of the opinion that defendant is entitled to an oral pretrial examination of the nonresident plaintiff (cf. *Johnson* v. *Phillips*, 283 App. Div. 819; *Duncan* v. *Jacobson*, 187 Misc. 918). However, we are also of the opinion that, on the record presented, the filing of the statement of readiness need not be deferred until the completion of such examination; and that, as above indicated, the examination may be had after the action has been placed on the calendar. Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.