John M. Keane, J.
By notice dated January 7, 1965, the defendant has requested under CPLR 3102 and 3110 an oral examination of the plaintiff with respect to evidence material and necessary in the defense of this action.
Plaintiff has moved under CPLR 3103 to vacate the notice to take his testimony or, in the alternative, to modify said notice *657 upon the ground that he is now a resident of the State of Arizona and that his attendance at an examination in Broome County would be a hardship. Plaintiff further says such attendance in Broome County would subject him to disproportionate expense and would also interrupt his present educational course.
The summons, dated December 7, 1964, indicates that the plaintiff resides in Broome County. The only evidence to indicate that the plaintiff is no longer in Broome County is the affirmation of his counsel. The basis for requesting vacation of the notice or alternative methods of conducting the examination are stated to be hardship and unreasonable expense to the plaintiff. No affidavit or other document executed by the plaintiff was filed with the motion papers to support this contention.
In his memorandum submitted with the motion, counsel for plaintiff has cited authority to support his position. The court has read the cases and finds it difficult to see how they support the position taken by the plaintiff here. In Meinig Co. v. United States Fastener Co. (194 App. Div. 397 [1920]) the plaintiff was a nonresident corporation. After discussing the problem, the court directed that the examination was proper and reversed the lower court, which had previously vacated the order of examination. In Matter of Walker (32 Misc 2d 794 [1961]), the proponent in a will probate proceeding sought to examine a contestant who resided in California. The court there directed that the examination should be held at least two weeks before the trial of the issues.
In Probst v. Frenkel (240 App. Div. 504 [1934]), the examination was sought of a nonresident defendant. The court directed that the examination could be had at least 30 days before the date of trial. Likewise, in Gittlitz v. Lewis (11 A D 2d 1065 [1960]), the examination was sought of a defendant who resided in Colorado. Again the court did not see fit to deny the right of examination but stated that plaintiffs might serve a new notice to examine shortly before the trial. Thus, none of the above cases mentioned by the counsel for the plaintiff support his contention.
When this proceeding was begun, plaintiff was a resident of Broome County. Of course, he has the right to change his domicile. In the affirmation by counsel for the plaintiff, it is stated that the plaintiff is now in Arizona. There is no proof that this is his permanent domicile or that he has given up his domicile in Broome County. In addition, he has affirmatively sought the forum of this court for resolution of his controversy. Even if it is assumed that plaintiff is now a nonresident of the State of New York, there exists sufficient authority under *658 Leftoff v. Forker (71 N. Y. S. 2d 68 [1947]); Duncan v. Jacobson (187 Misc. 918 [1946]) and Burr v. Carvel Dari-Freeze Stores (224 N. Y. S. 2d 804 [1962]) to make provision for the oral examination of the plaintiff in this county before trial.
The motion of plaintiff to vacate the said notice is denied. The alternative request of the plaintiff that the examination be held in Arizona on written interrogatories or on an open commission at the expense of the defendant is likewise denied.
Defendant has not indicated that it will be prejudiced by an examination within a reasonable time before the trial of this action. No specific date will be fixed for the examination, except that it must be conducted at least 30 days before the trial of this action. Plaintiff has invoked the jurisdiction of this court to settle his controversy. He must be prepared to submit himself for examination in order that the action may proceed in an orderly and expeditions manner. Costs are allowed to each party.