William J. Began, S.
This is a proceeding commenced by the contestants in a pending will contest for an order to examine, by commission or by deposition, one of the three witnesses to the last will and testament of the deceased, dated November 6,1964.
The decedent died a resident of this county on the 22d day of June, 1965. Her last will and testament was witnessed by two attorneys practicing in this area, together with a person named Elsie G. Siefke, who is presently a resident of North 'Carolina. Both of the attorney witnesses have been examined in full, and now counsel for the contestants asked that the third witness, Elsie G-. Siefke, be examined at the expense of the estate, either here in New York or by having a commission issue to take her testimony in North Carolina.
Generally speaking, a party has a right to examine all parties who witnessed a will. Section 142 of the Surrogate’s Court Act gives a party the right to request the oral examination of any or all of the subscribing witnesses. In keeping with the recognized practice of full pretrial disclosure, this court directs that the contestants may examine the witness Siefke,
*147 The more serious question raised on this motion is the question of at whose expense this examination shall take place. In the present case the proponents actually produced the witness Siefke before this court on September 4, 1965, which date had been agreed upon by .the parties prior thereto. Apparently on September 1, 1965 the contestants’ attorney notified counsel for the proponents that he would be out of town on the fourth and requested an adjournment of the examination. Unfortunately, the witness had already left North Carolina by car, so that she could not be advised of the postponement.
This court does not feel that the estate should bear the cost of bringing the witness here the second time and accordingly finds that the contestants may examine the witness Siefke either personally or by commission but that the expense of same shall be borne by the contestants except that if, on the eventual trial of this proceeding, the contestants are successful in setting aside the probate of the decedent’s will, this court will entertain an application to fix the cost of the examination as a disbursement of the estate. (Matter of Arnstein, 32 Misc 2d 1017.)