■ Lillian Allen et al., Respondents, v. Crowell-Collier Publishing Company, Appellant.— Order, entered August 27, 1968, affirmed, with $30 costs and disbursements to plaintiffs-respondents. There is no merit whatever in the defendant's argument, persistently adhered to in its reply brief, that the renewal application was improperly considered by a Justice other than Mr. Justice Lyman, who decided the original motion. The defendant knew or should have known of the illness of Mr. Justice Lyman and time of this court has been wasted in the consideration of irrelevant and improper arguments. Furthermore, the order is sustainable as a proper exercise of the discretion of Special Term. Here, the large number of plaintiffs (162), and the advanced age and special hardship of some, justified the direction that the plaintiffs' depositions be taken in Ohio on conditions as fixed by Special Term. Concur — Eager, J. P., Capozzoli, Tilzer and Nunez, JJ.; Steuer, J., dissents in the following memorandum: This order, which is contrary to every prior applicable ruling of this court, has been affirmed for the reason that appellant's counsel has stubbornly insisted on an invalid ground and subordinated the real question involved. While we have the adversary system, decision should not be based on selection of the wrong adversary. This is an action for severance pay brought by 111 former employees of defendant. They all reside in or around Springfield, Ohio. Defendant moved to examine plaintiffs. Plaintiffs moved for a protective order to have the examinations held in Springfield. The application was denied by the late Judge Lyman. Plaintiffs thereupon moved to renew their application on an additional showing of hardship. Defendant asked to have the motion referred to Judge Lyman. There is very frequently a tenuous line between what is an application to reargue, which must be referred, and an application to renew, which need not be. Generally that question is resolved by agreement between the two Judges involved — the one who decided the original motion and the one before whom the second

application was made. Here, this was impossible, as at the time of the second application Judge LYMAN was incapacitated by what proved to be his terminal illness. Under the circumstances determination of whether this was a referable matter was in the hands of the second Judge only, and his determination was that this was an application to renew. The insistent claim that this was error is not sound and the criticism based thereon unjustified. I cannot say as much for the resulting decision. These plaintiffs elected to bring their action here. Any hardship resulting therefrom is of their own making, as the defendant is amenable to suit in Ohio. Under these circumstances it has always and properly been held that a plaintiff must appear for examination in exactly the same manner and to the same extent as a local suitor (*Meinig Co.* v. *United States Fastener Co.*, 194 App. Div. 397; *Kinney* v. *First Baptist Church*, 45 Misc 2d 656; *Matter of Walker*, 32 Misc 2d 794; *Duncan* v. *Jacobson*, 187 Misc. 918; and a host of others). The failure to apply rules of this sort encourages the bringing of actions in this jurisdiction which should be tried elsewhere and contributes to the congestion of our courts. The order should be reversed and the motion denied.